UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MCCLINTIC, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LITHIA MOTORS, INC.<br><br>　　　　　　　　　　Defendant. | No.<br><br>DECLARATION OF ERIN M. WILSON IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL |

ERIN M. WILSON declares as follows:

1. I am a citizen of the United States of America, am over the age of 18 years, and am competent to make this declaration based upon my personal knowledge and to identify the exhibits attached hereto. I am an attorney at Lane Powell PC, which represents Defendant Lithia Motors, Inc. ("Lithia").

2. Lithia is incorporated in the State of Oregon. Attached hereto as Exhibit A is a true and correct copy of Lithia's Business Registration with the Oregon business database.

3. On April 26, 2011, Plaintiff Kevin McClintic served NRAI, Lithia's corporate service company, with the Summons and Complaint for Damages, Injunctive and Declaratory Relief. The Summons and Complaint are attached hereto as Exhibit B.

DECLARATION OF ERIN M. WILSON IN SUPPORT
OF DEFENDANT'S NOTICE OF REMOVAL - 1

075801.0001/5073672.1

4. On April 21, 2011, Plaintiff filed the Summons and Complaint in King County Superior Court.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 23rd day of May, 2011.

*Erin M. Wilson*
Erin M. Wilson

DECLARATION OF ERIN M. WILSON IN SUPPORT
OF DEFENDANT'S NOTICE OF REMOVAL - 2

075801.0001/5073672.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 23rd day of May, 2011, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all CM/ECF participants and any non-CM/ECF participants will be served in accordance with the Federal Rules of Civil Procedure.

Kim Williams
Rob Williamson
Williamson & Williams
17253 Agate Street NE
Bainbridge Island, WA  98110
E-Mail: roblin@williamslaw.com
E-Mail: kim@williamslaw.com

DATED this 23rd day of May, 2011 at Seattle, Washington.

*/s/ Janet Wiley*
Janet Wiley

DECLARATION OF ERIN M. WILSON IN SUPPORT
OF DEFENDANT'S NOTICE OF REMOVAL - 3

075801.0001/5073672.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

*EXHIBIT A*

## Business Registry Business Name Search

### Business Entity Data

[New Search]

05-16-2011
08:29

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 085131-11 | DBC | ACT | OREGON | 12-23-1968 | 12-23-2011 | |
| **Entity Name** | LITHIA MOTORS, INC. | | | | | |
| **Foreign Name** | | | | | | |

### Associated Names

[New Search]

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 360 E JACKSON ST | | | |
| Addr 2 | | | | |
| CSZ | MEDFORD | OR | 97501 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 03-30-2009 | Resign Date | |
|---|---|---|---|---|---|---|
| Of Record | 462580-83 | NATIONAL REGISTERED AGENTS, INC. | | | | |
| Addr 1 | 325 13TH ST NE STE 501 | | | | | |
| Addr 2 | | | | | | |
| CSZ | SALEM | OR | 97301 | | Country | UNITED STATES OF AMERICA |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | 360 E JACKSON ST | | | |
| Addr 2 | | | | |
| CSZ | MEDFORD | OR | 97501 | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | BRYAN | B | DEBOER | | | |
| Addr 1 | 360 E JACKSON ST | | | | | |
| Addr 2 | | | | | | |
| CSZ | MEDFORD | OR | 97501 | | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | | Resign Date | |
|---|---|---|---|---|---|---|
| Name | SIDNEY | B | DEBOER | | | |
| Addr 1 | 360 E JACKSON ST | | | | | |
| Addr 2 | | | | | | |
| CSZ | MEDFORD | OR | 97501 | | Country | UNITED STATES OF AMERICA |

### Name History

[New Search]

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| LITHIA MOTORS, INC. | EN | CUR | 12-23-1968 | |

*Please read before ordering Copies.*

### Summary History

[New Search]

Business Registry Business Name Search                                      Page 2 of 2

| Image Date | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| 12-09-2010 | ANNUAL REPORT PAYMENT | 12-09-2010 | 12-08-2010 | SYS | | |
| 02-02-2010 | CHANGE OF REGISTERED AGENT/ADDRESS | 02-02-2010 | | FI | | |
| 11-09-2009 | ANNUAL REPORT PAYMENT | 11-09-2009 | 11-06-2009 | SYS | | |
| 03-30-2009 | CHANGE OF REGISTERED AGENT/ADDRESS | 03-30-2009 | | FI | Agent | |
| 11-21-2008 | ANNUAL REPORT PAYMENT | 11-21-2008 | 11-20-2008 | SYS | | |
| 11-14-2007 | ANNUAL REPORT PAYMENT | 11-14-2007 | 11-13-2007 | SYS | | |
| 12-13-2006 | AMENDMENT TO ANNUAL REPORT | 12-13-2006 | | FI | | |
| 11-30-2006 | ANNUAL REPORT PAYMENT | 11-30-2006 | 11-29-2006 | SYS | | |
| 12-09-2005 | ANNUAL REPORT PAYMENT | 12-09-2005 | 12-08-2005 | SYS | | |
| 12-03-2004 | ANNUAL REPORT PAYMENT | 12-03-2004 | 12-01-2004 | SYS | | |
| 01-14-2004 | ARTICLES OF MERGER | 01-14-2004 | | FI | | |
| 12-08-2003 | ANNUAL REPORT PAYMENT | 12-08-2003 | 12-05-2003 | SYS | | |
| 12-02-2002 | ANNUAL REPORT PAYMENT | 12-02-2002 | | SYS | | |
| 07-30-2002 | CHANGE OF REGISTERED AGENT/ADDRESS | 07-30-2002 | | FI | Agent | |
| 12-13-2001 | ANNUAL REPORT PAYMENT | 12-13-2001 | | SYS | | |
| 12-04-2000 | STRAIGHT RENEWAL | 12-04-2000 | | FI | | |
| 01-12-2000 | CHANGED RENEWAL | 01-12-2000 | | FI | | |
| 12-28-1999 | STRAIGHT RENEWAL | 12-17-1999 | | FI | | |
| 05-13-1999 | NB AMENDMENT | 05-13-1999 | | FI | | |
| 11-25-1998 | STRAIGHT RENEWAL | 11-19-1998 | | FI | | |
| 11-28-1997 | STRAIGHT RENEWAL | 11-17-1997 | | FI | | |
| 12-05-1996 | STRAIGHT RENEWAL | 11-22-1996 | | FI | | |
| 10-21-1996 | NB AMENDMENT | 10-21-1996 | | FI | | |
| 04-27-1996 | NB AMENDMENT | 04-27-1996 | | FI | | |
| 11-21-1995 | STRAIGHT RENEWAL | 11-21-1995 | | FI | | |
| 12-01-1994 | STRAIGHT RENEWAL | 11-30-1994 | | FI | | |
| 12-01-1993 | STRAIGHT RENEWAL | 11-17-1993 | | FI | | |
| 11-23-1992 | STRAIGHT RENEWAL | 11-18-1992 | | FI | | |
| 11-18-1991 | STRAIGHT RENEWAL | 11-14-1991 | | FI | | |
| 11-23-1990 | STRAIGHT RENEWAL | 11-16-1990 | | FI | | |
| 11-28-1989 | AMENDED RENEWAL | 11-24-1989 | | FI | | |
| 11-28-1989 | AGENT/AUTH REP CHNG | 11-24-1989 | | FI | | |
| 11-30-1988 | AMENDED RENEWAL | 11-28-1988 | | FI | | |
| 11-17-1987 | STRAIGHT RENEWAL | 11-17-1987 | | FI | | |
| 11-18-1986 | STRAIGHT RENEWAL | 11-14-1986 | | FI | | |
| 12-23-1985 | AMENDED RENEWAL | 12-13-1985 | | FI | | |
| 12-26-1984 | STRAIGHT RENEWAL | 12-19-1984 | | FI | | |

© 2011 Oregon Secretary of State. All Rights Reserved.

*EXHIBIT B*

Case 2:11-cv-00859-RAJ   Document 2   Filed 05/23/11   Page 7 of 18

```
                                          FILED
                                          11 APR 21 PM 12:23

                                          KING COUNTY
                                          SUPERIOR COURT CLERK
                                          E-FILED
                                          CASE NUMBER: 11-2-14632-4 SEA
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| KEVIN MCCLINTIC, on behalf of himself and all others similarly situated,<br>                    Plaintiff,<br><br>vs.<br><br>LITHIA MOTORS, INC.,<br><br>                    Defendant. | Case No.<br><br>SUMMONS |

TO: LITHIA MOTORS, INC., Defendant

A lawsuit has been started against you in the above-entitled Court by the Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against the lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within twenty (20) days after the service of this Summons, or within sixty (60) days if this Summons was served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

SUMMONS - 1

1  THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 21st day of April, 2011.

WILLIAMSON & WILLIAMS

By: _____
Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387

*Attorneys for Plaintiff and the Proposed Classes*

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

SUMMONS - 2

FILED
11 APR 21 PM 12:23
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 11-2-14632-4 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

KEVIN MCCLINTIC, on behalf of himself and all others similarly situated,
          Plaintiff,

vs.

LITHIA MOTORS, INC.,
          Defendant.

Case No.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Kevin McClintic, individually and as class representative for a Washington State and National Classes of similarly situated entities and individuals, alleges as follows:

## INTRODUCTION

1. In an effort to promote the sale of its products, Defendant, the owner and operator of automobile dealerships in the West and Midwest, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text messages" calls, to the cellular telephone of consumers across the nation.

2. By effectuating these text message calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation and the invasion of privacy that necessarily accompanies unsolicited text messages, but also because consumers frequently have to pay their cell phone service providers for the receipt of such texts.

3. Plaintiff, on behalf of himself and a National Class and a Washington Class of similarly situated persons, brings this suit under the Telephone Consumer Protection Act



COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 1

(TCPA), 47 USC§227 *et seq* which prohibits unsolicited text calls to cell phones, as well as the applicable Washington statutes set forth herein.

4. Plaintiff also seeks injunctive relief and the award of statutory damages, together with costs and reasonable attorney fees.

## I. PARTIES, JURISDICTION, VENUE

5. Defendant Lithia Motors, Inc. is a corporation with its principal place of business in Oregon. Defendant conducts significant business in the State of Washington with citizens and residents of this State.

6. Plaintiff is a resident of King County, Washington and receives text messages on his cellular telephone, primarily in King County.

7. The text message that is the subject of this Complaint was received on Plaintiff's cellular telephone in King County, Washington.

8. Venue and Jurisdiction are proper under RCW 4.12.020, RCW 2.08.010, and Washington Constitution Article. 4, §6.

## II. FACTS

9. In recent years, businesses forbidden or limited by state or federal laws with respect to solicitations over residential telephones, facsimile machines, or e-mails, have looked to alternative technologies through which to send bulk solicitations inexpensively.

10. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.



COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 2

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone typically rings or otherwise makes a signal alerting her or him that a call is received. As cellular telephones are inherently mobile and are frequently carried by their owners, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere in the world.

12. Unlike more conventional solicitations, text messages actually cost the recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

13. In addition to the cost to consumers, sending text messages can cause consumers to lose storage capacity on their cellular telephones and related devices, to the point that storage capacity is exhausted and a consumer is unable to receive necessary or expected communications, consumers are deprived of the opportunity immediately to question the seller of goods and services about the veracity of the seller's claims set out in the text, the privacy of consumers is invaded, telephone networks upon which consumers rely are used inefficiently and harmed to the detriment of consumers, and consumers are annoyed and harassed.

14.   On April 11, 2011, Defendant sent or caused to be sent a text message to Plaintiff's cellular telephone.

15.   The text message was as follows:

> "From: 35703
> 0% financing on used vehicles during the Biggest Sale Ever. Over 3000 used vehicles at Lithia motors http://bit.ly/hojpLX REPLY STOP TO Opt-Out
> 10:00 am 4/11/11"



COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 3

Defendant's text message to Plaintiff was for the purpose of commercial solicitation, and Plaintiff did not consent, expressly or impliedly, to the receipt of the text.

16. Upon information and belief, Defendant sent similar text messages to numerous cellular telephone subscribers in Washington State, including subscribers in King County, and subscribers in other states.

17. Upon information and belief, Defendant will continue to send or cause to send text messages to the cellular telephones of persons in Washington State and other states.

### III. CAUSES OF ACTION

18. Plaintiff realleges the foregoing paragraphs as if fully stated herein. The following causes of action are, to the extent necessary, stated in the alternative.

### Count A. Violation of RCW 80.36.400

19. RCW 80.36.400 provides, in pertinent part, as follows:

> (2) No person may use an automatic dialing and announcing device for purposes of commercial solicitation. This section applies to all commercial solicitation intended to be received by telephone customers within the state.

20. Defendant has violated RCW 80.36.400.

21. As a result of said conduct, Plaintiff and members of this Washington Class are entitled to recover $500.00 in damages from the Defendant for each violation of the statute, and treble those damages because of the willful conduct of Defendant.

### Count B. Violation of RCW 19.190.060

22. RCW 19.190.060 provides as follows:

> No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is



COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 4

equipped with short message capability or any similar capability allowing the transmission of text messages.

23. Defendant violated RCW 19.190.060 by transmitting or cause to be transmitted electronic commercial text messages to Plaintiff's cellular telephone and to the cellular telephone or pagers of the Washington subclass members.

24. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Under RCW 19.190.060, Plaintiff and the class members are entitled to recover damages for each violation of the statute, as well as treble damages, attorney's fees and other remedies as permitted by law.

**Count C. Violation of RCW 19.86 (Washington Consumer Protection Act (CPA))**

25. RCW 19.19.060 provides as follows:

> The legislature finds that the practices covered by this section are matters vitally affecting the public interest for the purpose of applying the consumer protection act, chapter 19.86 RCW. A violation of this section is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW.

RCW 80.36.400 provides as follows:

> A violation of this section is a violation of chapter 19.86 RCW.

26. As a result of said conduct, Plaintiff and members of the Washington State Class have sustained damages. Under the CPA, Plaintiff and all members of said Class are entitled to injunctive relief enjoining Defendant's unlawful conduct, as well as incidental, statutory and actual damages, and treble that amount, and costs of suit and attorney's fees.

///

///

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 5



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

### Count D. Violations of the Telephone Consumer Protection Act
### (National Class)

27.  Defendant made or caused to be made text calls to Plaintiff and this National Class using an automatic telephone dialing system, within the meaning of 47 USC § 227 (a). By using such equipment system, Defendant was able to make thousands of text calls to consumers automatically without human intervention.

28.  These calls were made without the prior express consent of Plaintiff and the other members of the Class.

29.  As a result of said conduct, Defendant has, therefore, violated the Telephone Consumer Protection Act, 47 USC§227 (B) (1) (A) (iii), which makes it "unlawful for any person within the United States... To make any call (other than a call for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a... cellular telephone service..."

30.  As a result of Defendant's illegal conduct, Plaintiff and members of the National Class are entitled to recover $500.00 in damages from the Defendant for each violation of the Telephone Consumer Protection Act, and treble those damages because of the willful conduct of Defendant.

### IV. CLASS ACTION ALLEGATIONS

31.  Plaintiff realleges the foregoing paragraphs as if fully stated herein.

32.  This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiff seeks to represent two Classes comprised of:

> All Washington persons who received a text message on their cellular telephones from Defendant or on Defendant's behalf for commercial

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 6



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

solicitation purposes, at any time for the period that begins 4 years from the date of this complaint to trial (Washington State Class), and

All persons within the United States who received a text message on their cellular telephones from Defendant or on Defendant's behalf, at any time for the period that begins 4 years from the date of this complaint to trial (National Class).

33. **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief the Classes exceed 100 in number.

34. **Common Questions of Law and Fact.** The questions of law and fact are the same for all class members, including whether the Defendant's conduct violated RCW 80.36.400, RCW 19.19.060 and the CPA, and the TCPA, as to Plaintiff and all other Class members.

35. **The Plaintiff's Claims are Typical of the Classes.** Plaintiff's claims are typical of the Classes in that they arise from Defendant's repeated violation of RCW 80.36.400, RCW 19.19.060 and the CPA, and the TCPA, as to Plaintiff and all other Class members.

36. **The Plaintiff Will Fairly and Adequately Protect the Class.** Plaintiff will adequately represent and protect the interests of the Classes because he has retained competent and experienced counsel and his interests in the litigation are not antagonistic to the other members of the Classes.

37. **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Class predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to Defendant's unlawful texting. The prosecution of separate actions by individual members of the Classes against Defendant would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class



COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 7

actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Class's claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

38.  **A Class Action is Maintainable Under CR 23(b)(2).** Defendant has acted on grounds generally applicable to Plaintiff and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of himself and the Classes of similarly situated individuals and entities, respectfully requests that the Court enter judgment in his favor and in favor of the Classes for:

A.  Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B.  Granting injunctive relief as permitted by law to ensure that Defendant will not continue to send text messages to subscribers of cellular telephone services in the United States and Washington State for commercial solicitation purposes;

C.  Judgment against Defendant for incidental statutory damages of not less than $500.00 per legal violation involved in each message sent to Plaintiff and each member of the Classes, trebled, and other damages as are permitted by law;

D.  Judgment against Defendant for attorney's fees and costs as permitted by law;

E.  Any other or further relief which the Court deems fair and equitable.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 8



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.wilbornslaw.com

DATED: April 21, 2011.

WILLIAMSON & WILLIAMS

By _____
Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387
*Attorneys for Plaintiff and the Proposed Classes*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND
DECLARATORY RELIEF - 9

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com