1

2

3                                                    The Honorable Richard A. Jones

4

5

6

7                            UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
8                                      AT SEATTLE

9    KEVIN MCCLINTIC on behalf of himself        No. 2:11-cv-00859-RAJ
     and all others similarly situated,
10                                               PLAINTIFF'S UNOPPOSED MOTION FOR
                          Plaintiff,             PRELIMINARY APPROVAL OF
11   v.                                          PROPOSED CLASS ACTION
                                                 SETTLEMENT
12   LITHIA MOTORS, INC.,
                                                 NOTE ON MOTION CALENDAR:
13                        Defendant.             August 8, 2011
14

15          Plaintiff Kevin McClintic ("Plaintiff") requests that the Court grant preliminary

16   approval to the Settlement Agreement the Parties have reached.  A copy of the Settlement

17   Agreement is attached as Exhibit A to the Joint Declaration of Kim Williams and Rob

18   Williamson ("Joint Declaration") filed with this Motion.  A proposed Order Granting

19   Preliminary Approval of Class Action Settlement and Class Certification, Approving Class

20   Notice, and Scheduling a Final Settlement Approval Hearing ("Preliminary Approval Order"),

21   in the form approved by the Parties as Exhibit B to the Settlement Agreement, is filed

22   concurrently herewith.[1]

23

24

25

26

---

[1]      Any capitalized terms used but not defined herein shall have the meanings ascribed to them in the
Settlement Agreement attached as Exhibit A to the Joint Declaration.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 1
(NO. C11-0859 RAJ)



WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Plaintiff respectfully submits that the Court should preliminarily approve the Settlement Agreement, certify a settlement class, appoint Plaintiff as Class Representative and Williamson and Williams as Class Counsel for settlement purposes, approve the form, content and method of delivering Notice of the Settlement Agreement to Class Members and schedule a Final Settlement Hearing. Plaintiff relies upon the Settlement Agreement, the pleadings filed with the Court to date, the Joint Declaration, and the authority cited herein.

## I. INTRODUCTION

A.    The Allegations of Plaintiff

Plaintiff alleged, *inter alia*, that Lithia had caused the transmission of unauthorized advertisements, in the form of "text messages", to the cellular telephones of consumers residing in a number of states, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and various state laws, including RCW 80.36.400, RCW 19.190.060 and RCW 19.86 during the four–year period preceding the filing of the complaint, *i.e.*, from April 21, 2007. Defendant Lithia Motors, Inc. ("Defendant" or "Lithia") denied any wrongdoing and the Settlement Agreement represents no admission of liability on its part.

The class consists of:

> All persons within the United States who received a Text Message on their cellular telephones from Defendant or on Defendant's behalf, at any time during the Class Period, including all persons within the United States who received a second Text Message from Defendant or on Defendant's behalf after attempting to opt out after receiving a first Text Message.

B.    Procedural History and Efforts of Plaintiff's Counsel

Plaintiff filed this lawsuit in King County Superior Court on April 21, 2011. Lithia removed the case to this Court on May 23, 2011. Shortly thereafter, Lithia requested early mediation to attempt to resolve the case.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 2
(NO. C11-0859 RAJ)



WILLIAMSON & WILLIAMS   17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

C.   <u>Mediation</u>

Plaintiff and Lithia agreed to mediate this case before the Honorable Terrence Lukens of JAMS, in Seattle. That mediation took place on July 5, 2011 and went into the evening. In addition to counsel for the Parties, counsel for DMEautomotive LLC, a third party vendor retained by Lithia, also attended. Following the mediation, subsequent negotiations between the Parties resulted in the Settlement Agreement.

## II.    THE TERMS OF THE SETTLEMENT

The Settlement Agreement provides that Defendant shall establish a Settlement Fund of $2,500.000.00. The class consists of approximately 57,800 persons who were sent a text message in April 2011 and a subset of that 57,800 (approximately 48,000) who were sent a second text message approximately one week later. Thus, some Class Members received two texts. Further, some Class Members attempted to opt out from receiving further text messages after receiving the first one, but nonetheless received a second text message. There are 6190 such Class Members. No one received more than two text messages.

All Class Members will be provided with Notice as provided in Section III.C.6. of the Settlement Agreement, which will include a Claim Form to be submitted to the Settlement Administrator. For each text message received, a Class Member will be paid $175.00, except that a Class Member who received a second text after attempting to opt out of receiving any further messages will receive $500.00 for the second text message, or a total of $675.00. Subject to Court approval, a sum of $1,740,000 will be available to pay Approved Claims to Class Members (the "Class Members Payment Sum"). In the event that the amount of Approved Claim payments exceeds the available Class Members Payment Sum, the amount of the settlement payments to Class Members will be reduced pro rata. In the event that there are


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Class Member Payment Sum funds remaining after all Approved Claims are paid, the balance of the funds will be donated to the Legal Foundation of Washington.

The Settlement Agreement also provides for Defendant to select, engage and pay the fees and expenses of the Settlement Administrator, who will provide or supervise Notice and who will receive and review Claim Forms submitted by Class Members. The Settlement Administrator shall review each Claim Form submitted, determine whether the submitting claimant is an eligible Class Member, determine whether the payment sought in the Claim Form should be an Approved Claim, and determine the correct amount due each eligible Class Member who submitted an Approved Claim. The settlement also provides for Defendant to pay costs of settlement administration, which the Parties estimate will be approximately $150,000.00.

The Settlement Agreement provides for injunctive relief barring Lithia from transmitting or causing to be transmitted text messages containing commercial solicitations without obtaining express consent.   The Settlement Agreement also provides that Lithia will be separately responsible to pay all attorneys' fees, litigation expenses and costs in an amount up to $600,000.00 and payment of an incentive fee to Plaintiff of $10,000.00.

### III.   NOTICE

The Settlement Agreement provides that Notice will be provided to Class Members by direct mail with an enclosed claim form  (Exhibits C and A of the Settlement Agreement) that will advise them of the details of the settlement and of their right to make a claim, opt-out or object.  The Notice will also direct Class Members to a website created and maintained by the Settlement Administrator, which will include a copy of the Settlement Agreement and the long

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 4
(NO. C11-0859 RAJ)



form Notice of Settlement (Exhibit D) and post deadlines for objecting to or opting out of the settlement.

The Settlement Administrator will also post on the website a toll free telephone number for Class Members to obtain information about the Settlement. The telephone support will remain active for a period of sixty (60) consecutive calendar days; starting on the date notices are mailed to Class Members. Mailing the notices is to be completed with 30 days of the date of entry of the Order Granting Preliminary Approval of the Settlement.

Objections to the settlement and/or the request for attorney fees are to be mailed to the Settlement Administrator, postmarked no later than 60 days after the notices are mailed and published. Likewise, claims and requests for exclusion, the latter substantially in the form of Exhibit E to the Settlement Agreement, are to be mailed by that same date.

The Notice will also advise Class Members of the deadline for Class Counsel to post their Motion for approval of attorney fees to the website so that Class Members may review it to determine if they wish to object to the requested award. Class Counsel will be required to file their Motion for approval of attorney fees no later than 60 days after the date of entry of the Order Granting Preliminary Approval of the Settlement. This will provide Class Members 30 days to review and submit objections to the request for fees.

## IV. REQUEST FOR A SETTLEMENT HEARING

The Court is requested to schedule a hearing (" Settlement Hearing") to consider giving final approval to the settlement, enter judgment accordingly, substantially in the form of Exhibit F to the Settlement Agreement and to approve an award of attorney fees and costs of a total not to exceed $600,000.00 and class representative fees of $10,000.00 for the Plaintiff.



WILLIAMSON & WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

That hearing should take place approximately 125 days after the Court enters the Order Granting Preliminary Approval of the Settlement.

<u>Summary of Deadlines</u>

Date of Entry of the Order Granting Preliminary Approval of the Settlement

| | |
|---|---|
| Within 30 Days | Mail Notices |
| Within 60 Days | Deadline to File, Post Attorney Fee Application |
| Within 90 Days | Deadline to makes claims, or object or opt-out |
| With 125 Days | Final Settlement Hearing |

This schedule gives Class Members over 60 days to decide whether to make a claim, opt-out or object to the settlement, and to contact Class Counsel or the Settlement Administrator with any questions, and 30 days to decide whether to object to the requested attorney fees.

## V. AUTHORITY

**A.     Settlement and Class Action Approval Process**

Federal courts strongly favor and encourage settlements as a matter of "express public policy," particularly in class actions, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *see also* 4 Newberg on Class Actions § 11.41 (4th ed. 2002) (citing cases). Handling claims like those at issue here through individual litigation would unduly tax the court system, require expenditure of public and private resources and, given the relatively small value of individual claims, be impracticable.  Thus, the proposed Settlement Agreement is the best way for Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 6
(NO. C11-0859 RAJ)



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

The *Manual for Complex Litigation* describes a three-step procedure for approval of class action settlements:

(1) Preliminary approval of the proposed settlement at an informal hearing;

(2) Dissemination of mailed and/or published notice of the settlement to all affected class members; and

(3) A "formal fairness hearing" or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*Manual for Compl. Lit.* at § 21.63. *See also* Fed. R. Civ. Pro. 23(e). This procedure safeguards class members' due process rights and enables the court to fulfill its role as the guardian of class interests. 4 *Newberg* § 11.25. With this motion, Plaintiff requests that the Court take the first step in this process by (1) granting preliminary approval of the proposed Settlement, (2) preliminarily certifying for settlement purposes the proposed classes, and (3) approving as sound under Rule 23 the proposed notice plan.

The decision to approve or reject a proposed settlement is committed to the Court's sound discretion. *See City of Seattle*, 955 F.2d at 1276 (in context of a class action settlement, an appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion) (*quoting Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 626 (9th Cir. 1982)).

The Court's grant of preliminary approval will allow all class members to receive notice of the proposed class certification and proposed Settlement's terms and the date and time of the "formal fairness hearing," or final Settlement approval hearing, at which class members may be heard regarding the Settlement, and at which further evidence and argument concerning the fairness, adequacy, and reasonableness of the Settlement may be presented. *See Manual for Compl. Lit.* at §§ 13.14, 21.632.

WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Neither formal notice nor a hearing is required at the preliminary approval stage; the Court may grant such relief upon an informal application by the settling Parties, and may conduct any necessary hearing in court or in chambers. *Id.* at § 13.14.

**B.    The Court Should Grant Preliminary Approval of the Proposed Class Action Settlement**

The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness," and thus whether notice to the proposed class and of the terms and conditions of the Settlement and the scheduling of a final approval hearing are worthwhile. 4 *Newberg* § 11.25 (quoting *Manual for Complex Litigation*, § 30.41). "If the proposed settlement appears to be the product of serious, informed, non-collusive negotiation, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." *In re Portal Software, Inc.*, 2007 WL 1991529, at *5 (N.D. Cal. June 30, 2007) *citing Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp.2d 561, 570, n. 12 (E.D. Pa. 2001) (citing, in part, *Manual for Complex Litigation*).

**1.    The Settlement Agreement resulted from arms' length negotiations and was not the product of collusion.**

The Court's first role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted). "A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery." *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D.Wash. Mar. 26, 2001); *see also* 2 Newberg § 11.41.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 8
(NO. C11-0859 RAJ)



WILLIAMSON & WILLIAMS    17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

The requirement that the settlement be fair is designed to protect against collusion among the Parties.[2] There is usually an initial presumption of fairness when a proposed settlement, which was negotiated at arms' length by counsel for the class, is presented for court approval.[3] Here, the settlement was the result of such arms' length negotiations by experienced attorneys with the assistance of Judge Terrence Lukens (Ret.), who served as mediator. Joint Dec., ¶2. The negotiations were initiated early in the litigation as a result of the Defendant's desire to reach early resolution and avoid the expense and delay of litigation. Plaintiff's counsel have been involved in litigation with various defendants regarding junk faxes and pre-recorded telephone calls, including cases mediated with Judge Lukens and with Defendant's counsel. *Id.* at ¶ 3 The parties are familiar with the legal issues, defenses, risks and ranges of settlement results in other cases. Plaintiff's counsel has been involved in approximately 35 settlements involving claims under the Telephone Consumer Protection Act and its Washington state equivalents. No settlement has ever been disapproved.   There has been no collusion and the Settlement Agreement reflects the separate judgment of each Party's counsel that it is reasonable under the circumstances.

    **2.**      **The value of this Settlement Agreement outweighs the mere possibility of future relief after protracted litigation and therefore justifies preliminary approval.**

The Settlement Agreement provides payments of $175.00 for text messages received by a Class Member and $500.00 for a Class Member who received a second text message after attempting to opt out of receiving any further text messages from Lithia.

In evaluating the proposed settlement, Plaintiff and his counsel have considered the expense and length of time necessary to prosecute the claims in the case through trial and

---

[2] *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F.Supp. 1379, 1383 (D. Md. 1983).
[3] 2 Newberg on Class Actions, § 11.41 at 11-88 (3rd ed. 1992).

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 9
(NO. C11-0859 RAJ)



WILLIAMSON & WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

possible appeal, the claims asserted by the class, and the defenses asserted by and available to Lithia. The risk, expense, and uncertainty in actions such as this one, the fact that this Court's final resolution of the claims and defenses asserted in the litigation whenever and however determined may be appealed with substantial delays and attendant risk from years of protracted litigation, and the benefits provided pursuant to the Settlement Agreement were all considered. Based on these and other considerations, Plaintiff and his counsel have concluded that it is in the best interest of the members of the class to compromise and settle the claims. Class Counsel believe that the proposed settlement provides for a fair, efficient and expeditious resolution of all claims asserted by the class against Defendant and provides significant benefits to the members of that class. Given the current posture of the case and the cost of the litigation, the value of an immediate recovery outweighs the mere possibility of relief to the class in the future.[4]

Defendant obtained all of the cell phone numbers of persons who received text messages in April 2011, some of whom actually may have given permission to receive such messages but who nevertheless will be included in the settlement. Were the case to proceed, Defendant intended to vigorously defend on the issue of consent based upon its relationship with customers. This was not a texting-marketing program sent out to a list of leads provided by a third party. There is no evidence that Defendant intended to cause injury.

While the maximum award payable under the applicable federal and state statutes is $500, with trebling for willful violations, courts have the discretion to award less. There is some authority that while potentially "ruinous damages" is not a barrier to class certification, courts can consider damages at trial. This settlement reflects a balance between the risks of

---

[4] *Cottlieb v. Willes*, 11 F.3d 1004, 1014 (10th Cir. 1993).
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 10
(NO. C11-0859 RAJ)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

trial and the expense and delay of proceeding with the litigation against the value of a certain result at this time, which provides substantial financial relief to all class members.  The amount awarded bears a reasonable relationship to the injury caused by the alleged intrusion of an automatically dialed phone solicitation.

3. **The Settlement Agreement is fair and falls within the range of preliminary approval because it provides substantial relief to Class Members**

The settlement benefits made available to Class Members will provide a cash payment that represents either their maximum available statutory damages or a substantial percentage thereof and will account for multiple violations.  Accordingly, the proposed benefits are not only fair but will be much greater than those approved in other cases.  *See, e.g., Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) ("[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair"); *Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974) (even if "a proposed settlement may only amount to a fraction of the potential recovery," that does not mean "the proposed settlement is grossly inadequate and should be disapproved."); *Kakani v. Oracle Corp.*, 2007 WL 2221073, at *3 (N.D. Cal. Aug. 2, 2007) (granting preliminary approval to settlement for 12.3% of maximum claims).

In this District, courts have given final approval in two automatic dialing machine cases involving Plaintiff's counsel.  In *Gardner v. Capital Options* (C07-1918), Judge Coughenour approved a claims paid settlement which involved sending a check to every class member of $170.00.  Judge Robart in *Hovila v. Direct Capital Corporation* (C09-00669) approved a claims made settlement providing $135.00 to each class member.  In a junk fax case, *Kavu v. Omnipak*, Judge Lasnik approved a settlement for payment of $500.00 for every claim made.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 11
(NO. C11-0859 RAJ)



WILLIAMSON
& WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Judge Lasnik has also given preliminary approval of settlements in two other robo-calls cases where each class member will be paid $100.00 for each claimed call.

Settlements for texting cases have also been in the range of this settlement. *Lozano v. Twentieth Century Fox Film Corp.* (09-06344)(N.D. Ill.)($200.00 claims made); *Weinstein v. Airit2me, Inc.* (06-0484)(N.D. Ill.)($150.00 claims made); *Espinal v. Burger King Corporation, Inc.* (09-20982 (S.D. Fla.)($250.00 claims made for class members who received a text after opting out); *Satterfield v. Simoni & Schuster* (C06-2893)(N.D. Cal)($175.00 claims made); and *Kramer v. Autobytel, Inc.* (C-10-02722)(N.D. Cal.)($100 claims made).

**4.     The Settlement Agreement treats all Class Members fairly**

Under the Settlement Agreement, all Class Members will be eligible for the amount of statutory damages available under the statute giving rise to their claims.  In the unexpected event that the proposed settlement amount is insufficient to pay the maximum amount, each class members' amount of recovery will be reduced on a pro-rata basis according to the total number of claims made.  The only differential treatment will be that plaintiff seeks an incentive award for Mr. McClintic, the named class representative.  Plaintiff believes, and Defendant does not oppose, that an incentive award for him is permissible and promotes a public policy of encouraging individuals to undertake the responsibility of representative lawsuits. *See Grays Harbor Adventist Christian School v. Carrier Corp.*, 2008 WL 1901988, at *7 (W.D.Wash. Apr. 24, 2008); *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 463 (9th Cir. 2000); *see also Manual for Complex Litigation* (Fourth) § 21.62 n. 971 (2004) (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

**C.      The Court Should Provisionally Certify the Proposed Settlement Class**

The Parties request that the Court provisionally certify a nationwide class for settlement purposes only.  This provisional certification permits notice of the proposed settlement to issue to the Class Members to inform them of the existence and terms of the proposed Settlement Agreement, their right to object and be heard on its fairness, their right to opt out, and of the date, time, and location of the formal fairness hearing.  *See Manual for Complex Litigation* (Fourth) §§ 21.632, 21.633 (2004).

**1.      The requirements of FRCP 23(a) are met**

Plaintiff asserts that the requirements of Rule 23(a) are met.

**a.      The classes are so numerous that joinder of all Class Members is impracticable**

There are approximately 57,800 Class Members.  Joinder of these persons would be impracticable.

**b.      There are numerous common issues of law and fact**

This case involves nationwide claims under the TCPA; common issues of law and fact include: (1) whether and how many text messages were sent to Class Members, (2) whether a text message was sent after a Class Member asked to opt out of receiving any further text messages, and (3) whether any Class Member had consented to receiving the text messages. All of these numerous questions of law and fact are common to members of the classes and FRCP 23(a)(2)'s commonality requirement is fully satisfied.

**c.      The Class Representative's claims are typical**

Representative claims are "typical" if they are "reasonably coextensive with those of the absent class members." *Dukes v. Walmart, Inc.* 509 F. 3d 1168, 1184 (9th Cir. 2007).  The Class Representative's claims need not be substantially identical to those of absent class members, but rather, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct." *Hanlon* 976 F. 2d. at

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 13
(NO. C11-0859 RAJ)

508 (internal quotation marks omitted). In this case, the Plaintiff has precisely the same claims as every other Class Member, having received a text message from Defendant. While he did not opt out from receiving further texts and did not receive a second text, those differences are immaterial to the typicality of his claims and his ability to represent all class members. The Class Representative's claims are coextensive with those of all class members.

> d. **The named Plaintiff and his counsel adequately represent the proposed class**

The adequacy of representation requirement is satisfied. Plaintiff is represented by qualified and competent counsel and the interests of the Plaintiff do not conflict with the interests of the proposed Class Members. *See Dukes,* 509 F. 3d at 1185. Plaintiff's claims are coextensive with those of the class, and he and each Class Member have identical interests in establishing liability and have been injured in the same way. Plaintiff asserts the same legal claims and theories as all other Class Members and seeks identical relief. There is no conflict between Plaintiff's claims and those of the proposed class and he has agreed to assume the responsibility of representing the class. He has taken seriously his obligations to the class and nothing more is required.

Class Counsel has extensive experience and expertise in prosecuting complex class actions, especially those involving violations of the TCPA and its Washington state equivalents, including the Washington ADAD statute and the Washington Telephone Solicitation Act. Class Counsel has been appointed to represent classes in numerous cases, *see* Declaration of Rob Williamson at ¶5, and have vigorously prosecuted this case.

> 2. **The proposed settlement classes also meets the predominance and superiority requirements of FRCP 23(b)(3)**

This action is well-suited for certification under FRCP 23(b)(3) because questions common to the Class Members predominate over questions affecting only individuals. The class action device promotes the fair and efficient resolution of the claims of the class and it will do so in this case. When addressing the propriety class certification at this stage, the Court

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 14
(NO. C11-0859 RAJ)



WILLIAMSON
& WILLIAMS | 17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

should take into account that because of settlement, trial is not necessary and manageability of class certification purposes is not relevant at this time.

There is no dispute that common questions predominate this action, as the common questions are simply the number of text messages received and whether a request to opt-out was made.   Class treatment in this case is clearly superior to alternative methods of adjudication because it will facilitate the favorable resolution of all class claims and is superior to multiple individual suits or piecemeal litigation.  Settlement here will greatly conserve judicial resources and promote consistency and efficiency of adjudication.

**D.     The Proposed Class Notice Is Adequate and Should Be Approved.**

Pursuant to Fed. R. Civ. P. 23(c)(2)(B), "...the Court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(e)(1) provides that the court must direct notice in a "reasonable manner."  The purpose of the Notice is to fulfill the requirements of due process by alerting and informing members of the class about class certification, their right to opt out of or object to the class, the Settlement Agreement, and of the Fairness Hearing.  Plaintiff has proposed a form of Notice that he believes meets this standard.

Fed. R. Civ. P. 23(c)(2)(B) provides that, regarding certification of a provisional class, "the Court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See In re Phenylpropanolamine Products Liability Litigation*, 227 F.R.D. 553, 565 (W.D. Wash. 2004) (under Rule 23(c)(2)(B), "the applicable standard [for notice] is not the best conceivable notice, but the best notice practicable under the circumstances").  In addition, Fed. R. Civ. P. 23(e)(1) provides that, regarding the terms of the proposed class action settlement, the court must direct notice in a "reasonable manner." *See Rodriguez v. West*

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 15
(NO. C11-0859 RAJ)

**WILLIAMSON & WILLIAMS**

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

*Publishing Co.,* 563 F.3d 948, 962 (9th Cir. 2009).  Where a class is provisionally certified and a proposed settlement is provisionally approved, as would be the case in this matter, the Parties can and should combine notice of the class certification and of the class action settlement so long as the notice satisfies the more stringer standard of Rule 23(c)(2)(B).  *Manual for Complex Litigation (Third),* § 3.212 at 228; *see also Grunewald v. Kasperbauer,* 235 F.R.D. 599, 609 (E.D. Pa. 2006); *Thomas v. NCO Financial Sys., Inc.,* 2002 WL 1773035, at \*7 (E.D. Pa. July 31, 2002) (citing, in part, *Silber v. Mabon,* 18 F.3d 1449, 1454 (9th Cir. 1994)).

Plaintiff has proposed a Notice plan that meets this standard by providing individual notice to all Class Members.  Defendant has the names and postal addresses of all Class Members effective at the time the text messages in question were sent.  As the text messages were sent only four months ago, it is likely that most or all of the addresses will be current and valid.   Plaintiff believes direct mailing of the Notice and Claim Form, together with the telephone and website information described herein, is an effective and cost efficient method to provide Class Members with the requisite information about this case.   Counsel for Plaintiff believes the contemplated Notice provides a comprehensive, plain language explanation of the Settlement Agreement and its terms to Class Members.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court enter the Order Granting Preliminary Approval of the Settlement and schedule the date for the final settlement hearing. There is overriding public interest in settling and quieting litigation, particularly in class action suits.[5]

---

[5] *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943 (9th Cir. 1976).
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 16
(NO. C11-0859 RAJ)



DATED:  August 8, 2011.

WILLIAMSON & WILLIAMS

By /s/ Rob Williamson
Rob Williamson, WSBA #11387

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT - 17
(NO. C11-0859 RAJ)



WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780 4447
(206) 780 5557 (FAX)
www.williamslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

Dated this 8th day of August 2011.

By    s/Rob Williamson
Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387
17253 Agate Street NE
Bainbridge Island, WA 98110
Telephone: (206) 780-4447 Fax: (206) 780-5557
Email: kim@williamslaw.com
      roblin@williamslaw.com

WILLIAMSON
& WILLIAMS

17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com