HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN MCCLINTIC,

    Plaintiff,

  v.

LITHIA MOTORS, INC.,

    Defendant.

CASE NO. C11-859RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court a third time on Plaintiff Kevin McClintic's request that the court preliminarily approve a class action settlement. The court has addressed that request twice previously, first in an October 2011 order (Dkt. # 31) and then in a January 2012 order (Dkt. # 33). In the latter order, the court declined to preliminarily approve the proposed settlement, but permitted the parties to renew their request no later than February 17, 2012. On February 16, the parties complied, filing a new request for preliminary approval. Dkt. # 34. For the reasons stated herein, the court preliminarily approves the parties' most recent settlement agreement. This order concludes with a timeline for notifying class members of the settlement and of class counsel's forthcoming motion for attorney fees in preparation for an October 11, 2012 final approval hearing.

ORDER – 1

## II.  BACKGROUND & ANALYSIS

Anyone reading this order should also read the court's two prior orders.  The court will avoid repeating itself where possible.

Briefly, Defendant Lithia Motors, Inc. ("Lithia") operates a chain of car dealerships in the West and Midwest.  In April 2011, it began a marketing campaign wherein it sent nearly 58,000[1] people an identical text message promoting a Lithia sale.  About 4,000 of those people were residents of the State of Washington, including Mr. McClintic, a King County resident.  Lithia extracted the telephone numbers from various forms that its customers filled out when they bought vehicles.  DMEautomotive, LLC ("DME"), assisted Lithia in carrying out its text message marketing campaign.

After sending the first batch of 58,000 messages, Lithia apparently reviewed its list of telephone numbers and determined that about 10,000 of them were on a national "do not call" list.  Lithia removed those numbers from the list before sending a second batch of identical messages shortly after the first.  In the time between the first batch and the second batch, about 6,000 recipients of Lithia's text messages sent a reply message requesting that Lithia send them no more messages.  Lithia apparently did not honor those requests.

Lithia ended its text message campaign after it sent the second batch of messages.  Mr. McClintic sued Lithia in King County Superior Court in April 2011.  He asserted three Washington law claims: one for violation of the law restricting the use of automatic dialing and announcing devices, RCW § 80.36.400; one for violation of the law restricting unsolicited commercial text messages, RCW § 19.190.060; and one for violation of the Washington Consumer Protection Act, RCW Ch. 19.86.  He also alleged a violation of the automated dialing restrictions of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b).  He hoped to pursue the TCPA claim on behalf of a class of all recipients of Lithia's text messages, and to pursue the Washington

---

[1] The court uses round numbers throughout this order.

ORDER – 2

claims on behalf of a subclass of Washington recipients. Lithia timely removed the case to this court in May 2011.

The parties immediately began to discuss settlement. They mediated the dispute on July 5, 2011, and reached a settlement. Not long thereafter, they asked this court to preliminarily approve the settlement.

In the first version of the parties' settlement, Lithia agreed to make direct payments to class members totaling $1.74 million. Class members would lay claim to the settlement fund by returning a postcard-sized form indicating into which of three categories they fell: (1) those who received Lithia's first message only; (2) those who sent a message attempting to stop Lithia from sending additional messages after the first, but nonetheless received a second message; and (3) those who received a second message, but did not attempt to stop Lithia from sending it. Claimants in the first category would receive $175. Claimants in the second category would receive $675. Claimants in the third category would receive $350.

The court issued the October 2011 order making preliminary findings and conclusions and requesting additional information. After the parties provided that information, the court issued the January 2012 order declining to approve the settlement.

The January 2012 order listed seven features of the settlement that the court believed were not in the interests of class members. No single feature was fatal to the settlement, but collectively they led the court to conclude that the settlement was not "fair, reasonable, and adequate," as Federal Rule of Civil Procedure 23 requires. Fed. R. Civ. P. 23(e)(2).

The parties reconvened their settlement negotiations. They revised their settlement to address each of the seven features that drew the court's attention in January.

First, they eliminated the provision that would cap class members' recovery if not enough of them made claims. Now, Lithia will pay at least $1.74 million to class

ORDER – 3

members regardless of how many of them make claims. If too few class members make claims, those who do make claims will receive increased payments. Under the new settlement, class members will receive less than $1.74 million only if class members who make claims do not cash the checks that Lithia sends them.[2]

Second, although the parties had already agreed that Mr. McClintic's counsel would not request more than a $600,000 attorney fee award, they also agreed that if the court awards Mr. McClintic's counsel less than $600,000, the difference between the fee award and $600,000 will revert to class members, increasing compensation to them. Similarly, if the court awards Mr. McClintic less than the $10,000 incentive award that he may request, the remainder will revert to class members. The same will be true if Lithia spends less than the $150,000 it has allocated to pay settlement administration costs. In short, the parties agreed to create a $2.5 million fund for the benefit of class members; class members will receive no less than $1.74 million of that fund; and class members may receive more than $1.74 million.

Third, the parties revealed that DME, not Lithia, will fund the settlement. The court had demanded that the parties disclose any agreements they had reached with DME, because the settlement would require class members to release their claims against DME. *See* Fed. R. Civ. P. 23(e)(3) ("The parties seeking approval [of a class settlement] must file a statement identifying any agreement made in connection with the proposal.").

Fourth, the parties substantially revised the language of the release of claims that will bind settling class members. The revised language is substantially more readable,

---

[2] The revised settlement proposed to distribute funds remaining from uncashed settlement checks to the Legal Foundation of Washington as a *cy pres* recipient. The Texas Attorney General, who received notice of the parties' proposed settlement in accordance with 28 U.S.C. § 1715, contacted the parties to inform them that Texas law imposes its own requirements for the distribution of unclaimed property. *See All Plaintiffs v. All Defendants*, 645 F.3d 329, 337 (5th Cir. 2011) (reversing order allocating unclaimed class funds to *cy pres* recipient rather than in accordance with Texas law). Accordingly, the parties revised the settlement to eliminate a potential *cy pres* payment. Instead, the settlement administrator will distribute any unclaimed funds to the appropriate government agency in the states in which the claimants reside.

ORDER – 4

and more likely to apprise class members of what they would give up by participating in this settlement.

Fifth, the parties revised their postcard-sized prepaid claim form to permit class members to either make a claim to the settlement fund or opt out of the class with ease. Similarly, class members who wish to object to the settlement need only send their objection to the settlement administrator, rather than to three different addresses.

Sixth, the parties removed restrictions on the content of objections, giving class members freedom to object to the settlement on any basis they choose.

Seventh, the parties agreed that a website with information about the settlement, including the settlement agreement and relevant documents from this court's docket, will be accessible to class members from preliminary approval until final distribution of settlement funds.

Finally, the parties eliminated what the court previously described as a "meaningless injunction" from the settlement agreement.

In light of these changes, and in light of the court's findings from its two previous orders, the court preliminarily approves the parties' settlement of this class action.

### III.  PRELIMINARY APPROVAL

This section sets forth formal findings and conclusions supporting the court's preliminary approval of this class settlement. The court's prior orders provide additional explanation of its findings and conclusions. The court has largely adopted this section from the parties' proposed order. To the extent that anything in this section conflicts with another section of this order, the language of the other section will control.

1. The court adopts the definitions set forth in the Settlement Agreement and Release ("Settlement Agreement") contained in the March 20, 2012 declaration of Grant Degginger in support of the parties' renewed request for preliminary approval.

ORDER – 5

2. The court finds that the parties' settlement is, on a preliminary basis, fair, reasonable, and adequate, and hereby grants preliminary approval of the Settlement Agreement, subject to the court's decision at the Final Approval Hearing.

3. Except as the parties agree, all proceedings in this action shall be stayed pending the occurrence of the Effective Date or termination of the Settlement Agreement, except as to proceedings relating to the Settlement Agreement, including class counsel's request for attorneys' fees and costs.

4. Pursuant to the Settlement Agreement and for purposes of this settlement only, the court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3):

> All persons within the United States who received a Text Message on their cellular telephones from Defendant or on Defendant's behalf, at any time during the Class Period, including all persons within the United States who received a second Text Message from Defendant or on Defendant's behalf after attempting to opt out after receiving a first Text Message.

5. This certification is effective and binding only with respect to proceedings related to or encompassed by the Settlement Agreement. If the Settlement Agreement is not approved or is terminated for any reason, this certification shall be vacated by its terms and the Action shall revert to the status with respect to class certification that existed before execution of the Settlement Agreement. In such event, Defendant's stipulation to this Settlement Class in conjunction with the Settlement Agreement shall not be construed as or raise any presumption or inference of a concession or an admission as to the propriety of certification of this Settlement Class or any other.

6. The parties, through the Settlement Administrator, shall mail a short-form notice of this settlement and a claim/exclusion form to Settlement Class Members. The court will work with the parties to revise the Claim or Exclusion Form and short-form Class Notice that they attached as exhibits A and C to the Settlement Agreement.

ORDER – 6

7. The court will also revise the long-form Class Notice that the parties submitted as Exhibit D to the Settlement Agreement. Upon approval of a revised long-form notice, the Settlement Administrator shall make it available on a website available to all Settlement Class Members. The website shall also include relevant documents from this litigation, including the complete settlement agreement, the parties' requests for preliminary approval, and the court's orders addressing preliminary approval.

8. The court preliminarily determines that mailing notice to Settlement Class Members and creating the website described above will satisfy the obligation to provide "notice [of the settlement] in a reasonable manner." Fed. R. Civ. P. 23(e)(1). The next section of this order sets deadlines for providing notice.

9. Settlement Class Members who make timely, valid, approved claims will be paid by check in accordance with the Settlement Agreement. The value of any checks sent to Settlement Class Members that have not been negotiated within sixty (60) days of the Effective Date will be distributed to the appropriate state agency responsible for unclaimed property, based on state of last known residence of the class members who fail to negotiate checks.

10. Members of the Settlement Class may request exclusion from the settlement by sending a completed Claim or Exclusion Form to the Settlement Administrator in accordance with the deadlines stated in the next section of this order. The date of a request for exclusion shall be the post-marked date of the request.

11. All persons who submit valid requests for exclusion shall have no rights under the Settlement Agreement. All Settlement Class Members who do not request exclusion shall be bound by this court's orders, including but not limited to the Final Order Approving Class Action Settlement and Judgment.

12. A Final Approval Hearing will be on October 11, 2012, at 2:00 p.m. at the United States District Courthouse for the Western District of Washington, 700 Stewart

ORDER – 7

Street, Seattle WA 98101, at which time the court will determine, among other matters, whether the Settlement Agreement is fair, reasonable, and adequate.

13. Any Settlement Class Member who objects to approval of the Settlement Agreement or to class counsel's request for attorney fees has a right to appear at the Final Approval Hearing to explain why the court should not approve the settlement or should not grant (or fully grant) the fee request.  Any Settlement Class Member who wishes to object to the Settlement Agreement must mail the Settlement Administrator a written notice of objection no later than September 14, 2012.

14. In order that Settlement Class Members may review and, if they choose, object to the award of attorney fees which Class Counsel will request, the Petition for Approval of Fees must be filed and posted to the website referenced above in accordance with the timeline stated in the next section.

15. The notice of objection should demonstrate the objecting Settlement Class Member's membership in the Settlement Class and state the reasons for the objection. Only Settlement Class Members who have served such notices of objection will be entitled to be heard at the Final Approval Hearing, unless the court orders otherwise.

16. The Parties shall file any responses to objections in accordance with the timeline stated in the next section.

17. The Court, upon consideration of: (i) the work counsel has done in identified and investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; (iv) the resources counsel will commit to representing the class; (v) and other matters pertinent to counsel's ability to fairly and adequately represent the interest of the class, appoints the law firm of Williamson and Williams as class counsel to represent the Settlement Class.  The Court also appoints Kevin McClintic as Class Representative.

ORDER – 8

18. In accordance with the timeline stated in the next section, the parties shall submit memoranda in support of the court granting final approval and awarding class counsel attorney fees and costs.

## IV.  TIMELINE

This section sets deadlines leading up to the final approval hearing.

| | |
|---|---|
| **June 22, 2012** | Date by which court will issue order approving revised short-form and long-form notice to class members and claim or exclusion forms. |
| **July 3, 2012** | Date by which parties must (1) complete mailing of short-form notice and claim or exclusion forms to class members, (2) make settlement website available online, and (3) file class counsel's motion for attorney fees and make it available on the website. |
| **September 14, 2012** | Deadline for class members to submit claims, exclude themselves from the settlement class, or file objections. |
| **September 28, 2012** | Deadline for parties to submit responses to any objections and a motion for final approval of the settlement. |
| **October 11, 2012** | Final approval hearing |

## V.  CONCLUSION

For the reasons stated above, the court preliminarily approves this class action settlement. The court directs the parties to take the actions specified in Part III and to comply with the deadlines stated in Part IV.

DATED this 11th day of June, 2012.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9