THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MCCLINTIC on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LITHIA MOTORS, INC.,<br><br>Defendant. | No. 2:11-cv-00859-RAJ<br><br>MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF<br><br>NOTED ON MOTION CALENDAR:<br>October 11, 2012 @ 2:00 pm |

## I. INTRODUCTION

Class counsel submit this uncontested motion for an award of $600,000.00, representing $595,136.64 in attorneys' fees and $4863.36 in out-of-pocket costs, and a $10,000.00 service award for Plaintiff Kevin McClintic for services he has rendered to the Class by stepping forward to bring this case. Pursuant to the Settlement Agreement with Defendant Lithia Motors, Inc. ("Lithia"), payments approved by the Court for attorneys' fees, costs and incentive payments are to be made by Lithia from a common fund of $2,500, 000.00, from which Lithia will also provide payments to Class members and pay for costs of notice and claims administration.

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 1
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Payment of fees, costs and the incentive payment under the Settlement will not reduce the relief available to Class members.[1]

Class counsel's fee and cost request is appropriate in light of the good result Class counsel achieved for the Class: The settlement provides specifically for payment to all class members who make claims of $175.00 for each text received and, had the class member requested Lithia to stop sending texts, $500.00 for the second text. The notice and claim form are clear and simple[2] and claims will be submitted on forms provided directly to class members with a postage prepaid envelope to facilitate and encourage participation. .

Plaintiff achieved this result in an efficient and cost-effective manner. As set forth in the Joint Declaration of Kim William and Rob Williamson ("Joint Decl."), once this case was filed, Lithia immediately sought resolution of the case and agreed to early mediation. Presumably this decision was made by Lithia, at least in part, because its attorney had experience with Plaintiff's counsel and the results reached in other cases brought under the Telephone Consumer Protection Act ("TCPA"), 49 USC § 227 *et seq,* and comparable Washington statutes. The parties have not conducted formal discovery, but the informal exchange of information, both before and during mediation, produced the information and documentation necessary to evaluate the case and potential settlement ("Joint Decl." ¶ 6). Class counsel's request for a service award to the named Plaintiff is also supported by Ninth Circuit law and the facts of this case. For these reasons, and as detailed below, Class counsel respectfully request that the Court grant their motion and award fees and costs, as well as payment of the service award to the Plaintiff.

---

[1] And, as provided by this Court, were the amount of the awards for either class counsel or the Class Representative to be reduced, those funds will used to increase payments to class members.
[2] This is true in part due to the Court's welcome involvement in ensuring the language of the notices and claim forms are consumer friendly.

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 2
(No. 2:11-CV-00859-RAJ)

**WILLIAMSON & WILLIAMS**
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## II. FACTUAL AND PROCEDURAL BACKGROUND

As set out on its website, "Lithia Motors dealerships sell new and used cars, trucks and SUV's in Alaska, Washington, Oregon, California, Nevada, North Dakota, New Mexico, Montana, Idaho, Iowa and Texas." (http://www.lithia.com). On April 21, 2011, Plaintiff initially brought this case against Lithia in King County Superior Court as a class action under the TCPA and various Washington state statutes[3] for all persons to whom the text messages in question had been sent, alleging that Lithia had engaged in a systematic practice of sending text messages to cellular telephones of persons in Washington and other states. Lithia removed the case to the United States District Court for the Western District of Washington on May 23, 2011, pursuant to the Class Action Fairness Act ("CAFA"), 28 USC § 1331, 1332, 1441 and 1446 (Dkt. #1).

Lithia contended it was not liable for any claims asserted in this case, that it had valid defenses to those claims, and that neither the Plaintiff nor the Class members had suffered any recoverable damages. It also contended the class could not be certified. Plaintiff and Lithia agreed to mediate this case before the Honorable Terry Lukens of the Judicial Arbitration and Mediation Service ("JAMS") in Seattle and made substantial progress during mediation held on July 5, 2011, after which negotiations continued. During mediation it was learned that DMEautomotive LLC ("DME"), a vendor of Lithia, provided marketing services, which included the text messages at issue, to Lithia and DME, though its counsel, also participated in the mediation. Had the case not settled, Plaintiff would have amended the complaint to add

---

[3] `The Washington state statues are the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 which prohibits using "...an automatic dialing and announcing device for purposes of commercial solicitation," and RCW 19.190.060 which prohibits any person conducting business in Washington from initiating or assisting in the transmission "...of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages." Each statute provides for statutory damages in the event of a violation and that its violation is also a violation of the Washington Consumer Protection Act, RCW 19.86 et seq.

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 3
(No. 2:11-CV-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

DME as a party defendant. As the parties were close to reaching the final terms of a settlement, Dan McLaren, a plaintiff represented by counsel from Chicago in an action filed in the District Court of Oregon, Portland Division, against Lithia (*Dan McLaren, individually and on behalf of a class and subclass of similarly situated individuals v. Lithia Motors, Inc., an Oregon corporation*, No. 11-810) sought intervention in this case. After briefing, this Court denied the motion (Dkt. #31).

Plaintiff submitted his Motion for Preliminary Approval herein on August 8, 2011 (Dkt. #19). This Court denied the Motion for Preliminary Approval by order dated January 12, 2012 in which the Court addressed concerns it had, and provided that the parties could renew the motion no later than February 17, 2012 (Dkt. #33). A revised Settlement Agreement was submitted to the Court on February 16, 2012 with a Joint Supplemental Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement (Dkt. #34). While review of that revised agreement was pending, counsel for the parties was contacted by the Attorney General's office for the State of Texas, objecting to the provision of the agreement that provided that uncashed checks would be donated to a cy pres in Washington, the Legal Aid Foundation. The objection was that such funds should revert to the state under the unclaimed property statutes. The Settlement Agreement was modified to respond to this objection and again submitted to the Court on March 20, 2012 (Dkt. #s 35 and 36). The Court gave preliminary approval of the revised Settlement Agreement on June 11, 2012 (Dkt. #37), and thereafter worked with counsel to ensure that the forms of notice, the claim form and other aspects of the settlement were modified to maximize class member understanding and participation in the settlement, resulting in an order approving class notice and claim form (Dkt. #38). Thereafter, Notice was distributed to the Class by letters which included claim forms and self-addressed stamped envelopes to use for submitting the forms in accordance with the



Preliminary Approval Order, as well as on a website maintained by the Settlement Administrator (Joint Decl. ¶ 7).

### III. CLASS COUNSEL ARE ENTITLED TO REASONABLE ATTORNEYS' FEES

As this Court has stated, "In considering an attorney fee request from class counsel the court has discretion to determine the award as a percentage of the common fund that counsel created for class members or to use the "lodestar" method to calculate an award based on the number of hours that class counsel expended on the case, multiplied by a reasonable hourly fee."( *In re Classmates.com Consolidated Litigation,* 2012 U.S. Dist. LEXIS 83480, *18). *See, Staton v. Boeing Co.,* 327 F.3d 938, 963-64 (9th Cir. 2003); *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048–49 (9th Cir. 2002); *Hanlon v. Chrysler Group,* 150 F.3d 1011, 1029 (9th Cir. 1998). Regardless of which method is applied, the fundamental requirement is that the resulting fee is fair and reasonable, *Staton,* 327 F.3d at 963-64. In this case a common fund has been created and the percentage sought for attorneys' fees is reasonable. The lodestar method confirms the requested fee amount is reasonable, especially as some of the claims are for Washington residents brought under statutes whose violation also creates a violation of the Washington Consumer Protection Act, a fee shifting statute.

Pursuant to the settlement agreement, and as set forth in the Class Notice, class counsel seeks an award of $600,000.00 in attorneys' fees and litigation expenses. The fee portion, $595,136.64, represents approximately 23.8% percent of the total Settlement Fund of $2,500,000.00. The $2,500,000.00 Settlement Fund will be used to pay costs associated with notice, administering claims, class counsel's attorneys' fees and costs, a service award payment to the Class Representative of $10,000.00 (or whatever lesser amounts for fees, costs and the service award are ordered by the Court), and, from the remaining fund, payment to all class

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 5
(No. 2:11-cv-00859-RAJ)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

members who make claims of $175.00 for each text received and, had the class member requested Lithia to stop sending texts, $500.00 for the second text. If the total of claims exceeds the amount available in the Settlement Fund, payments to individual members of the class will be reduced on a pro-rata basis. Lithia does not oppose class counsel's fee application, and the Court has preliminarily approved the award.

### A. Application of the Percentage-of-the-Fund Method Is Warranted

For well over a century, federal courts have recognized that when counsel's efforts result in the creation of a common fund that benefits plaintiffs and unnamed class members, counsel have an equitable right to be compensated from that fund for their successful efforts in creating it. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (the United States Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund . . . is entitled to a reasonable attorney's fee from the fund as a whole"); *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885); *Staton*, 327 F.3d at 967; *In re Washington Public Power Supply System Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("those who benefit in the creation of a fund should share the wealth with the lawyers whose skill and effort helped create it"); *Vincent v. Hughes Air West. Inc.*, 557 F.2d 759, 769 (9th Cir. 1977) ("[A] private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees.").

The common fund doctrine rests on the understanding that attorneys should normally be paid by their clients. *See Boeing*, 444 U.S. at 478. Where the attorneys and unnamed class member clients have no express retainer agreement, those who benefit from the fund without contributing to it would be unjustly enriched if attorneys' fees were not paid out of the common fund. *See id.*; *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007). When clients do not pay an ongoing hourly fee to their counsel, they typically negotiate an

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 6
(NO. 2:11-CV-00859-RAJ)


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

agreement in which counsel's fee is based upon a percentage of any recovery (Joint Decl. ¶ 8). The percentage-of-the-fund approach mirrors this aspect of the market and, accordingly, reflects the fee that would have been negotiated by the class members in advance, had such negotiations been feasible, given the prospective uncertainties and anticipated risks and burdens of the litigation. *See, e.g., Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) ("[I]t is well settled that the lawyer who creates a common fund is allowed an extra reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit."); *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007) ("In deciding fee levels in common fund cases, we have consistently directed district courts to 'do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time.'"); *cf. Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989) (market factors should be considered in evaluating reasonableness).

For these reasons, the percentage-of-the-fund method is overwhelmingly preferred by courts. Theodore Eisenberg & Geoffrey P. Millery, *Attorneys' Fees and Expenses in Class Action Settlements: 1993-2008*, 7 Journal of Empirical Legal Studies 248 (2010). An empirical study based on eighteen years of published opinions on settlements in 689 common fund class action and shareholder derivative settlements in both state and federal courts found that: (1) 83 percent of cases employed the percentage-of the-recovery method, and (2) the number of courts employing the lodestar method has declined over time, from 13.6 percent from 1993-2002 to 9.6 percent from 2003 to 2008. *Id.* at 267-69; accord Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and their Fee Awards*, 7 Journal of Empirical Legal Studies (forthcoming 2010) at 25 (finding, in a similar empirical study of 688 settlements approved by federal district courts during 2006 and 2007, that 69 percent of courts employed the percentage-

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 7
(NO. 2:11-CV-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

of-the-settlement method, 12 percent employed the lodestar method, and 20 percent did not report which method they used).

Here, the Settlement preliminarily approved by the Court establishes a $2,500,000.00 Settlement Fund. Because Class members have not paid class counsel for their efforts, equity requires them to pay a fair and reasonable fee, based on what the market would traditionally require, no less than if they had hired private counsel to litigate their cases individually. *Boeing*, 444 U.S. at 479-81.

### B. The Percentage-of-the-Fund Analysis Supports Class Counsel's Fee Request

The typical range of acceptable attorneys' fees in class action cases in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% being considered the "benchmark." *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993); *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Courts frequently award fees greater than the benchmark. *See, e.g., Vizcaino*, 290 F.3d at 1049-50; *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000).[4] As stated by the court in *Bond v. Ferguson Enterprises, Inc.*, 2011 WL 2648879 at 9-11 (E.D.Cal. 2011) "…the exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.' *Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal.2009); see also *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377-78 (N.D.Cal. 1989)("nearly all common fund awards range around 30%")."

Here class counsel seeks less than the 25% benchmark. Their out of pocket costs are $4863.36, so fees sought are $595,136.64, which is 23.8% of the common fund. Agreement to

---

[4] *See also In re Public Serv. Co. of New Mexico*, 1992 WL 278452, at *12 (S.D. Cal. July 28, 1992) (awarding one-third); *Antonopulos v. N. Am. Thoroughbreds, Inc.*, 1991 WL 427893, at *4 (S.D. Cal. May 6, 1991) (awarding one-third); *In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747, at *10 (S.D. Cal. Aug. 30, 1990) (awarding 30% in fees, plus expenses).

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 8
(No. 2:11-CV-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

the essential settlement terms was reached following investigation, a full day of mediation, subsequent negotiations, all conducted at arms-length in an adversarial and non-collusive manner. As a result of their efforts, class counsel was able to negotiate an efficient, favorable, and timely result for the Settlement Class Members.

1. **Class Counsel Have Obtained A Favorable Result.**

Class counsel obtained a settlement of a guaranteed total payment of $2,500,000.00, out of which eligible Class Members who file qualified claims will receive sizeable monetary awards, potentially between $175.00 and $675.00 depending on the number of texts received and whether they had asked Lithia to stop, and depending on the number of claims made and whether additional funds are shifted by the Court to the class. If the total claims amount calculated in this way exceeds the amount available in the Settlement Fund, payments to individual class members will be reduced on a pro-rata basis. The results class counsel has achieved are favorable by any measure. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (results achieved vitally important factor in determining appropriate fee award); *Vizcaino*, 290 F.3d at 1049; Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, p.336 (4th ed. 2004) (the "fundamental focus is on the result actually achieved for class members").

TCPA statutory damages are generally considered to be punitive damages designed to deter wrongful conduct, not compensatory damages. *See, e.g., Goodrich Mgmt. Corp. v. Afgo Mech. Servs., Inc.*, 2009 WL 2602200, at *5 (D.N.J. 2009) (holding that the TCPA's statutory damages provisions are "a punitive element to deter such conduct and motivate private lawsuits").[5] Plaintiff believes that this Settlement adequately effectuates the purpose of

---

[5] *Covington & Burling v. International Mktg. & Research, Inc.*, No. CIV.A. 01-0004360, 2003 WL 21384825, 9 (D.C. Super. Apr. 17, 2003) (TCPA statutory damages provisions designed "to punish and deter certain proscribed conduct"); *Kaplan v. Democrat & Chronicle*, 266 A.D.2d 848, 698 N.Y.S.2d 799, 800-01 (N.Y. App. Div. 1999) (TCPA damages are punitive as actual damages need not be proven to recover); *see also ESI Ergonomic Solutions,*

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 9
(No. 2:11-CV-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

deterrence. *See, e.g., Linney*, 151 F.3d at 1242 ("[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators. Thus, the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes.") (citations omitted). Plaintiff respectfully submits that the Settlement, by requiring Lithia to pay $2,500,000.00, fully serves the core purposes of the TCPA.

2.  **Fees in Similar Actions/Market Rate.**

Plaintiff's request is in line with fees requested in similar actions. Class counsel have requested approximately 24% percent of the Settlement Fund, an amount consistent with fees awarded in recent Ninth Circuit cases involving similar TCPA claims. *See, e.g., Bellows v. NCO Financial Systems, Inc.*, No. 07-CV-1413 W (AJB), 2009 WL 35468, at *8 (S.D. Cal. Jan 5, 2009) (awarding fees and costs equal to 31.6% of the settlement fund). As set forth above, the request for 24% of the Settlement Fund is also consistent with recent fee awards in other consumer class action cases in the Ninth Circuit. See, e.g., *Thieriot v. Celtic Ins. Co.*, 2011 WL 1522385, at 5-7 (N.D. Cal., April 21, 2011)( awarding fees equal to 33 1/3 % of the Settlement Fund, and the court stating, in part, at 6: "it is common practice to award attorneys' fees at a higher percentage than the 25% benchmark in cases that involve a relatively small-i.e. under $10 million settlement fund."); *Kanawi v. Bechtel Corp.*, 2011 WL 782244 at 1-2 (N.D. Cal., March 1, 2011)(awarding fees of 30% of the Settlement Fund).

---

*LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 100, 50 P.3d 844, 850 (Ariz. App. Div. 1, 2002) (TCPA statutory damages provisions "designed not only to compensate for the actual damages and unquantifiable harm, but also to deter the offensive conduct."); *but see Hooters of Augusta, Inc. v. American Global Ins. Co.*, 272 F. Supp. 2d 1365, 1377 (S.D. Ga. 2003) (holding that TCPA is a remedial statute in response to insurer's argument that TCPA judgment constituted penalties not covered by insurance); *Penzer v. Transportation Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008) (same).


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Counsel's fee request is reasonable under the "percentage of the fund" method. While this approach provides an independent ground for granting the fee request, a "cross-check" under the lodestar method also demonstrates that Counsel's request is reasonable. *See MCL 4th* § 14.121 (noting "[a] number of courts favor the lodestar as a backup or cross-check on the percentage method when the fees might be excessive").

### 3. Contingent Nature of Representation and Opportunity Cost.

The public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk they might be paid nothing at all for their work. *In re Wash. Pub. Power*, 19 F.3d at 1299. Because class counsel agreed to prosecute this case on contingency with no guarantee of ever being paid (Joint Decl. ¶ 9), they faced substantial risk should they proceed to trial. From the outset, prosecution of this action on behalf of the Class has involved significant risk, and class counsel has advanced all costs of suit. In agreeing to represent the Class on a contingent basis, class counsel risked their own resources with no guarantee of recovery. Their risk was, of course, ameliorated by the early offer of Lithia to negotiate a settlement, a decision that could not be predicted when the case was filed (Joint Decl. ¶ 9).

### C. The Lodestar Method Confirms that the Requested Fee Amount is Reasonable

The lodestar method provides courts an objective basis upon which to determine the value of the services provided by counsel. *Hensley*, 461 U.S. at 433. The first step in the lodestar method is to multiply the number of hours counsel reasonably expended on the litigation by a reasonable hourly rate. *See Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998). Once this raw lodestar figure is determined, the court may take into consideration additional factors to enhance the lodestar, including:

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 11
(No. 2:11-CV-00859-RAJ)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite legal skill necessary; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount at controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Hanlon*, 150 F.3d at 1029; *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). The court may then enhance the lodestar with a 'multiplier,' if necessary, to arrive at a reasonble fee." *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (citing cases with multipliers ranging from 0.6 to 19.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (25% fee reasonable where effective multiplier was 6.85); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994) (citations omitted). Upward adjustments may be appropriate based on the results obtained, the quality of representation, the complexity and novelty of the issues presented, the risk of nonpayment, and any delay in payment. *MCL 4th* § 14.122, at 261.

In this case, the requested lodestar rate for Ms. Williams is set at $650.00/ hour, for Mr. Williamson at $760.00/hour and a blended rate for legal assistants of $100.00/hour.

1. **The Amount of Time Spent by Class Counsel Is Reasonable**

Under the lodestar approach, the court should first decide whether the amount of time reported by counsel is reasonable. Here, as set forth in the Joint Decl. Class counsel has spent and will spend 294.95 hours on investigation, negotiations, litigation of the intervention matter and resolution of this case. *See*, Joint Decl. ¶ 10 and Exhibit A, a detailed summary of the work underlying the reported time, performed from inception of the litigation to the filing of the

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 12
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

instant motion. *Id.* This includes time spent investigating the claims of Plaintiff and Class members, researching and analyzing legal issues, preparing briefing in opposition to the intervention motion and engaging in settlement negotiations which included one formal mediation session. Class counsel's time spent includes approximately 25 additional hours to see this case through to its final resolution, including the work necessary to oversee that the claims process is properly carried out and attending the hearing on final approval. Legal assistant time totals 28.75 hours (Joint Decl. ¶ 10).

Class counsel submits that hours supporting this fee application were reasonably spent. Plaintiff faced a defendant willing to oppose the case on the merits, represented by experienced counsel, but willing to address early resolution. Throughout this case, class counsel prosecuted the claims of the class efficiently and effectively. Class counsel had no incentive to act in a manner that was anything but economical. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee"). Class counsel took their charge seriously and endeavored to represent the interests of the class members to the greatest extent possible.

2. **Class Counsel's Hourly Rates Are Reasonable**

In determining a reasonable rate, the court considers the "experience, skill and reputation of the attorney requesting fees." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996). The court also considers "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

The lodestar calculations of class counsel are based on reasonable hourly rates. Class counsel set their rates for attorneys and staff members based on a variety of factors, including, among others: the experience, skill and sophistication required for the types of legal services

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 13
(NO. 2:11-CV-00859-RAJ)

WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

typically performed; the rates customarily charged in the markets where legal services are typically performed; (Joint Decl. ¶ 11). The rates charged for attorneys and staff members working on this matter range from $100.00 to $760.00, with the majority of the work performed by Mr. Williamson at an hourly rate of $760.00 and Ms. Williams at an hourly rate of $650.00 (Joint Decl. ¶ 30)[6]

These are the hourly rates class counsel charge in similar matters, and these rates have been approved by state and federal courts in other contingent matters. Moreover, these rates are consistent with those that the United States District Court for the Western District of Washington recently found reasonable for law firms that were serving as plaintiffs' counsel in class actions. On April 25, 2012, in a comparable case involving a retailer defendant and Smart Reply, *Hovila v. Tween Brands* (No.09-0491 RSL) Judge Lasnik approved these rates for class counsel observing that while the rates were at the high end for Seattle counsel, they were justified by counsel's excellent work (Joint Decl. ¶ 29). *See also,* Pelletz, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approving hourly rates for work performed in Seattle that ranged from $415 to $760); *Global Educ. Servs. v. Intuit, Inc.,* No. C09-944 RSL (W.D. Wash. 2011) and *Palmer v. Sprint Solutions, Inc.,* No. 09-cv-01211 JLR (the hourly rates of Rob Williamson at $760 and Kim Williams at $650 following a reasonableness review); *Gardner v. Capital Options, LLC et al.,* No. C07-1918 (W.D. Wash. 2009) (approving the hourly rates of Rob Williamson at $760 and Kim Williams at $500 following a reasonableness review); Thus, class counsel's hourly rates are reasonable and appropriate for calculating the lodestar.

---

[6] Plaintiff's counsel's firm is a two lawyer firm with no associates, and the two partners must perform all legal tasks on their cases. It is only because both partners work on the class action cases that the firm is able to accept and prosecute the cases on behalf of clients such as Mr. McClintic. Although, based on their experience, the hourly rates of both partners are high, that experience also permits them to work efficiently and to expend relatively few hours prosecuting even larger cases. (Joint Decl., ¶ 12).

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 14
(No. 2:11-CV-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

### 3. The Multiplier Requested in This Case Is Reasonable and Appropriate

Class counsel seek an attorneys' fee award of $595,136.64 based on a lodestar of $192,041.00 (120.20 Williams hours x $650 per hour [$78,130.00] plus 146.10 Williamson hours x $760 per hour [$111,036.00) plus staff time of 28.75 hours x blended rate of $100 per hour [$2875.00]) (Joint Decl. ¶ 30). To pay the fee requested by counsel a multiplier of 3.1 would be applied. Multipliers have, in fact, been approved by the courts within this Circuit. See, Courts in the Ninth Circuit have endorsed and approved attorneys' fee awards with multipliers well in excess of 3.5. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving multiplier of 3.6); *Vizcaino*, 290 F.3d at 1052–1054 (approving multiplier of 3.65 and citing a survey of class settlements in which 19 of 24 cases surveyed (or nearly 80%) had multipliers of 1.7 or higher); *Steiner*, 248 Fed. Appx. at 783 (approving multiplier of approximately 6.85, finding it "well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (awarding fees equal to the lodestar and a multiplier of 5.2); *Global Educ. Servs. v. Intuit, Inc.*, No. C09-944 RSL (W.D. Wash. 2011) (awarding fees equal to the lodestar and multiplier of 4.9); *Palmer v Sprint Solutions, Inc.*, No. 09-cv-01211 JLR (W.D. Wash. 2011) (awarding fees equal to the lodestar and multiplier of approximately 2.4).

### IV. AWARDING PLAINTIFF'S COUNSEL THEIR EXPENSES IS APPROPRIATE

Throughout the course of this litigation, class counsel had to incur out-of-pocket costs totaling $ 4,963.29 (Joint Decl. ¶ 32). The litigation expenses class counsel incurred in this case include the following: (1) filing fees; (2) copying, mailing, and messenger expenses; (3) computerized legal research expenses; (4) factual investigation expenses; and (5) mediation expenses. *See id.* Class counsel put forward these out-of-pocket costs without assurance that

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 15
(No. 2:11-CV-00859-RAJ)


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

they would ever be repaid. *Id.* These out-of-pocket costs were necessary to secure the resolution of this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-1178 (S.D. Cal. 2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research fees, and mediation expenses are relevant and necessary expenses in a class action litigation).

### V. THE INCENTIVE AWARDS REQUESTED FOR THE NAMED PLAINTIFF IS REASONABLE

In addition, Plaintiff asks the Court an incentive payment in the amount of $10,000. Lithia has agreed to pay this award if approved. *Pelletz*, 592 F. Supp. 2d at 1329 ("The trial court has discretion to award incentives to the class representatives."); *Grays Harbor Adventist Christian School*, 2008 WL 1901988, at *6 (same). Plaintiff came forward to serve as proposed class representative, kept abreast of the litigation, and approved the proposed settlement terms after reviewing them and consulting with Class counsel.

Unlike unnamed class members, who are passive beneficiaries of the representative's efforts on their behalf, a named class representatives agree to be the subject of discovery, including making themselves available as witnesses at deposition and trial, and subject themselves to other obligations of named parties. Enhancement payments, which serve as premiums in addition to any claims-based recovery from the settlement, promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.

A $10,000 incentive award to Plaintiff is reasonable under the circumstances, and well in line with awards approved by federal courts in Washington and elsewhere. *See Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 incentive awards where named plaintiffs assisted Class counsel, responded to discovery, and reviewed settlement terms, and collecting decisions approving awards ranging from $5,000 to $40,000).



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

In light of Plaintiff's effort and risk undertaken to obtain a meaningful result for the Class, Plaintiff requests that the Court approve the payment of $10,000.

## VI. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant this motion and award class counsel an amount of $600,000 in attorneys' fees and expenses, and an incentive payment of $10,000 to the named Plaintiff. At the final approval hearing scheduled for October 11, 2012, class counsel will address any remaining questions the Court may have.

DATED: July 10, 2012

> WILLIAMSON & WILLIAMS
> By: /s/Rob Williamson
> Rob Williamson, WSBA #11387
> Email: roblin@williamslaw.com
> Kim Williams, WSBA #9077
> Email: kim@williamslaw.com
> 17253 Agate Street NE
> Bainbridge Island, Washington 98110
> Telephone: 206.780.4447 Fax: 206.780.5557
> *Attorneys for Plaintiff*

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 17
(NO. 2:11-CV-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record who receive CM/ECF notification, and that the remaining parties shall be served in accordance with the Federal Rules of Civil Procedure.

Dated this 10th day of July, 2012.

By s/Rob Williamson
Kim Williams, WSBA #9077
Rob Williamson, WSBA #11387
17253 Agate Street NE
Bainbridge Island, WA 98110
Telephone: (206) 780-4447 Fax: (206) 780-5557
Email: kim@williamslaw.com
roblin@williamslaw.com

MOTION FOR AWARD OF ATTORNEYS' FEES AND
COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF - 18
(No. 2:11-CV-00859-RAJ)

WILLIAMSON
& WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com