The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MCCLINTIC on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LITHIA MOTORS, INC.,<br><br>Defendant. | **CLASS ACTION**<br><br>No. 2:11-cv-00859-RAJ<br><br>PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Noted for Hearing: October 11, 2012 @ 2:00 p.m. |

## I.   RELIEF REQUESTED

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiff, on his own behalf and behalf of a class of similarly situated persons, seeks final approval of the Class Action Settlement Agreement, which was preliminarily approved by this Court on June 11, 2012 (Dkt. #37), and entry of a final judgment concluding this action.

## II.   STATEMENT OF FACTS

Plaintiff filed this lawsuit in King County Superior Court on April 21, 2011. Lithia removed the case to this Court on May 23, 2011. In his Class Action Complaint, Plaintiff alleged, *inter alia*, that Lithia had caused the transmission of unauthorized advertisements, in the form of "text messages", to the cellular telephones of consumers across the nation, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, RCW 80.36.400, RCW 19.190.060 and RCW 19.86 during the four–year period preceding the filing of the complaint, *i.e.*, from April 21, 2007.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

Although Lithia denies these allegations, Plaintiff and Lithia agreed to mediate this case before the Honorable Terrence Lukens of JAMS, in Seattle. That mediation took place on July 5, 2011, and included DMEautomotive LLC, a third party vendor retained by Lithia to assist with, among other things, text messaging, including the transmission of the text messages at issue. Following the mediation, subsequent negotiations through Judge Lukens resulted in the Settlement Agreement.

The resulting Settlement Agreement was given preliminary approval by this Court on June 11, 2012. The Settlement Agreement provides that Defendant shall establish a settlement fund of $2,500.000.00. The class consists of 59,178 persons who received at least one text message that was sent by or on behalf of Lithia. (Declaration of Jennifer Keough of Garden City Group ["GCG"], the settlement administrator selected by the parties, ¶4 ["Keough Decl."]), To make certain all potential class members received notice, GCG a conducted a reverse telephone directory search in order to locate any additional Class Members that may have had that particular cellular telephone number at the time of the Class Period. This search resulted in locating 20,630 records that had a different name or address associated with the particular cellular telephone number than what was listed in the original data. These records were added to the Settlement Database. (Keough Decl. ¶5)

The parties attempted to send direct mailed notice as set forth herein in the Settlement Agreement to all class members. The parties' notice also included a claim form to be submitted to the settlement administrator together with a postage paid return envelope. For each text received, a class member will be paid $175.00 except that a class member who received a second text after attempting to opt out will receive $500.00 for the second text message, or a total of $675.00. (Declaration of Rob Williamson, ¶2 ["Williamson Decl."]). A

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
(No. 2:11-cv-00859-RAJ)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

total of $1,740,000.00, subject to Court approval, will be available to pay claims. The settlement also provides for Defendant to pay costs of settlement administration, which the parties estimated would be approximately $150,000.00. Actual administration costs billed to Defendant through August 31, 2012 total $138,679.28, and the settlement administrator's estimate of the total cost of administration is between $160,500.00 and $165,000.00 (Keough Decl.¶22), which Defendant will pay. (Williamson Decl., ¶2).

Settlement administration has included or will include numerous important functions, including providing and supervising notice to class members, postage and other costs related to notice, responding to questions, reviewing, processing and approving claims and making payments after the settlement is given final approval. The Settlement Agreement also provides that Lithia will be separately responsible to pay all attorneys' fees, litigation expenses and costs in the amount of up to $600,000.00 and payment of an incentive fee to Plaintiff of $10,000.00. A separate motion regarding the payments to Counsel and the Plaintiff was submitted to the Court (Dkt. #39) and posted on the website created by the settlement administrator on July 10, 2012 as required in the Preliminary Approval Order (Williamson Decl. ¶6);

As set forth in the Declaration of Jennifer Keough ("Keough Decl."), Chief Operating Officer for The Garden City Group, Inc., the settlement administrator, the notice plan has been successfully implemented (Keough Decl., ¶7-8). There was only one objection filed to the Settlement Agreement, and the Plaintiff will respond separately to that objection. Five hundred forty-one persons chose to be excluded from the Settlement Agreement, and their names are attached to the Final Judgment submitted with this Motion as Attachment 1. (*Ibid.*, ¶19 and Exhibit B thereto and Williamson Decl., ¶4).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

The settlement administrator approved 2,703 claims and identified deficiencies in another 835 claims. Those deficiencies fall into five categories, as described in the Keough Declaration. 6 claims involved class members who neglected to sign their forms (Category 1), 106 claim forms were ambiguously completed (Category 2), and 262 claims left blank the number of texts that the class member received (Category 3). The parties propose to pay all of the Category 1, Category 2, and Category 3 claims, totaling 374 claims. Category 4 consists of claims wherein the class member signed both the claim form and the request for exclusion, a total of 39 persons. It is clear from review of the forms that the persons meant to make claims but inadvertently signed the form in both places. While the Court provided the language on the form that "If you enter information in both boxes, your response will be invalid, and you will be deemed to have submitted no response", the parties respectfully request that the Court nonetheless permit payment of these 39 claims.

Of the first 2703 approved, claims were made as follows:

| Claim | Count |
| --- | --- |
| 1 Text | 606 |
| 2 text and did not opt-out | 777 |
| 2 text and did opt-out | 1320 |
| | |
| Total | 2703 |

Adding 368 claims from Categories 2 and 3 makes a total of "1 Text" claims of 974. Adding Category 1 claims increases the "1 text" number to 975, the "2 text and did not opt-out" number to 780 and the "2 text and did opt out" number to 1322. Adding the 39 claimants in category 4 results in 17 additional "1 Text" claims, 7 "2 text and did not opt out" claims and 15 "2 texts and did opt out" claims. The totals, then are as follows:

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

| Claim | Count | |
|---|---|---|
| 1 Text | 992 | |
| 2 text and did not opt-out | 787 | |
| 2 text and did opt-out | 1337 | |
| | | |
| Total | 3116 | |

Were the claims paid in amounts set forth in the Settlement Agreement ($175.00, $350.00, and $675.00), total payments would be $1,351,525.00. Increasing payments by 28.74% will permit complete utilization of the funds set aside for class members ($1,740,000.00), and result in payments to those who claimed one text of $225.30, those with two texts of $450.60, and for those who received a second text after opting out of $869.00

Pursuant to the Class Action Fairness Act, counsel for the Defendant provided notice of the proposed settlement to Eric Holder, Attorney General of the United States, and to the Attorney General Offices for each of the states in which a class member resides. (Declaration of Grant Degginger ¶2).

Accordingly, following the Court's entry of the Order for Final Approval of the Class Action Settlement, Defendants shall, through the settlement administrator, pay all valid and timely claims as well as any further costs of administration, attorney's fees and costs as approved by the Court, and the class representative service award of $10,000, or in the amount approved by the Court.

### III.   ISSUE PRESENTED

Is the Settlement Agreement fair, reasonable, and adequate, and should the Court grant it final approval?

### IV.   EVIDENCE RELIED UPON

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
(No. 2:11-cv-00859-RAJ)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

This motion is based upon the Declarations of Rob Williamson, Jennifer Keough, and Declaration of Grant Degginger, Plaintiff's Motion for Award of Attorneys' Fees and Costs and Incentive Awards for Named Plaintiff (Dkt. #39), and the pleadings and files on record in this action.

## V. AUTHORITY AND ARGUMENT

### A. The Notice Plan Comports with Due Process.

As explained above, the Parties have, with the assistance of the settlement administrator, fully complied with this Court's Order directing notice to the Class. Rule 23 requires that the class receive "the best notice that is practicable under the circumstances, including individual notice to all Members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Receipt of actual notice by all class members is not required. Neither Rule 23 nor due process require "receipt of actual notice by all Class Members;" rather, "notice should be mailed to the last known addresses of those who can be identified and publication used to notify others [.]" *2 NEWBERG ON CLASS ACTIONS*, § 8.02 (3rd Ed.1992) (citing *MANUAL FOR COMPLEX LITIGATION, SECOND* ¶ 30.211 (2nd Ed.1985)). In this case, the Parties proposed a notice plan specifically designed to reach the maximum number of members of the class (Williamson Decl., ¶6). Notice was provided to class members by direct mail, using records provided by the Defendant and by DME. The notice was in the form of a letter (Short-Form Notice) (Exhibit 1 to the Court's Order of June 11, 2012 approving class notice, Dkt. #38) that, in plain language, advised class members of the details of the settlement and of their right to make a claim, opt-out or object. Included with the same packet was a Claim or Exclusion Form and a postage prepaid, self-addressed envelope for class members to use to submit their claims or requests for exclusion. The notice also directed class members to a website created and maintained by the Settlement Administrator which included

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

a copy of the Settlement Agreement and a more detailed form of Notice (Exhibit 3 to the Court's Order of June 11, 2012 approving class notice, Dkt. #38), and posted deadlines for objecting to the settlement, opting out of the settlement, and making claims. The website also instructed class members as to how to obtain a claim. Beginning on July 3, 2012 the Settlement Administrator also provided a toll free telephone number for class members who do not have access to a computer to obtain information about the settlement. (Keough Decl. ¶10). The telephone support remains active. This number could be used by class members to call the settlement administrator to request that a claim form be mailed to them. The website also included a form that class members could use for requesting exclusion. The Notice also advised class members of the deadline for Class Counsel to post their motion for approval of attorney fees to the website so that class members could review it to determine if they wished to object to the requested award. Counsel for the parties believes the Notice was an adequate and easily comprehended explanation of the settlement and its terms to class members (Williamson Decl., ¶7).

### B. Settlements Are Favored, Particularly Class Action Settlements.

It is well established that "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). "[T]he very essence of a settlement is a compromise, a yielding of absolutes and an abandoning of highest hopes." *Id.* at 624. (internal citation and marks omitted). "[T]here is an overriding public interest in settling litigation," particularly class action suits. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir. 1989) (internal citations and marks omitted). "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

something they might have won had they proceeded with the litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971); *see also Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 19 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) (noting "[a]s a *quid pro quo* for not having to undergo the uncertainties and expenses of litigation, the Plaintiff must be willing to moderate the measure of their demands").

### C. All of the Criteria Established in the Ninth Circuit for Approval of Settlements Are Met in This Case.

Federal Rule of Civil Procedure 23(e) provides that "claims, issues, or defenses of a certified Class may be settled...only with the court's approval." Fed. R. Civ. P. 23(e). In cases in which the settlement "would bind Class Members, the court may approve [a settlement] only after a hearing and finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Courts in the Ninth Circuit have been guided by several factors which have been developed for consideration of the adequacy of the settlement in a Class action. As stated in *Officers for Justice*:

> Although Rule 23 (e) is silent respecting the standards by which a proposed settlement is to be evaluated, **the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.** [Citations omitted] The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of the plaintiffs' case; the risk, expenses, complexity, and likely duration of further litigation; the risk of maintaining Class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the Class Members to the proposed settlement [Citations omitted]. This is by no means an exhaustive list of relevant considerations, nor have we attempted to identify the most significant factors. The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case.

688 F.2d at 625 (emphasis added). These criteria have been repeatedly applied in other cases in

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
(No. 2:11-cv-00859-RAJ)


WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

the Ninth Circuit. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).

1. <u>Strength of Plaintiff's Case.</u>

In this case, Class Counsel believed the Plaintiff's case was strong and that the text messages at issue placed by or on behalf of the Defendant were clear violations of law. (Williamson Decl., ¶9). On the other hand, Plaintiff recognized that Defendant would have defended on the grounds that class members had consented to the receipt of the text messages, having voluntarily provided their cell phone numbers to Defendant and, in the absence of a settlement, would vigorously defend all additional available defenses to the merits of the case as well as to class certification. *See e.g.*, Dkt. #32 at ¶3 (reflecting ways in which Lithia would argue that its customers consented to receive text messages).

Furthermore, the amount offered in settlement is significant. While each class member could arguably have been entitled to $500 for each illegal text message, there are cases which have considered, in the context of the Telephone Consumer Protection Act, that "annihilating" damages would be visited upon an offending party were $500 assessed for each violation. As noted below, courts have suggested that the amount of damages could be reduced because of these concerns. *See* cases discussed in *White v. E-Loan, Inc.* 2006 WL 2411420, **6 -7 (N.D. Cal. Aug. 18, 2006).

Based on the foregoing, Plaintiff could have prevailed on the merits and class certification, only to find their damages reduced for each class member on the theory that, while the telephone calls were an invasion of privacy and, no doubt, irritating, a considerably smaller sum is ample compensation for that invasion. Thus, given the potential for unfavorable

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
(No. 2:11-cv-00859-RAJ)



WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

outcomes in this case, the beneficial relief of $175.00 for each text and $500.00 if the second text came after a class member tried to opt out of the texting campaign of Defendant weighs in favor of granting final approval of the settlement. Furthermore, the amount provided to claimants in this case is among the higher settlements made in recent TCPA cases. *See e.g., Lozano v. Twentieth Century Fox Film Corp.* (09-06344) (N.D. Ill.) ($200.00 claims made); *Weinstein v. Airit2me, Inc.* (06-0484) (N.D. Ill.) ($150.00 claims made); *Espinal v. Burger King Corporation, Inc.* (09-20982 (S.D. Fla.)($250.00 claims made for class members who received a text after opting out); *Satterfield v. Simoni & Schuster* (C06-2893) (N.D. Cal) ($175.00 claims made); and *Kramer v. Autobytel, Inc.* (C-10-02722) (N.D. Cal.) ($100 claims made).

2. Risk of Maintaining Class Action Status Throughout the Trial.

In addition to the risk factors identified above, there was a risk that, even assuming the Court certified the class, it might also reduce damages at trial to a level below the settlement amount obtained for class members. In a fax blasting case, Judge Lasnik rejected a defendant's argument in opposition to class certification that aggregation of damages would create a damage award that violates due process, but suggested damages could potentially be reduced at trial. *See Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 650-51 (W.D. Wash. 2007). Judge Susan Craighead of the King County Superior Court expressed the same view in *Shorett v. Hansen, et al.* (King County Superior Court No. 07-2-23062-9).

The risk to Plaintiff of maintaining class action status through trial was relatively small based on persuasive authority that class actions are permissible under the TCPA. *See, e.g., Kaufman v. ACS Systems, Inc.*, 2 Cal. Rptr. 3d 296 (Cal. Ct. App. 2003). The risk of an unpredictable reduction in damages at trial was more significant. The settlement achieved by

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
(No. 2:11-cv-00859-RAJ)



the parties eliminated all risk for Plaintiff and other class members and provided them with a cash award for the offending text messages they received from Lithia.

3. Risk, Expenses, Complexity, and Likely Duration of Further Litigation.

Settlements are favored where "continuation of the litigation 'would require the resolution of many difficult and complex issues,'" would "'entail considerable additional expense,'" and would "'likely involve weeks, perhaps months, of trial time.'" *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (internal citations omitted). There is no question that, if this case had not settled, continued litigation in this case would involve formal discovery and the potential for discovery disputes, motion practice, protracted trial preparation and attendant expenses for all parties, and a lengthy trial during which numerous witnesses, including experts for both sides, would likely be called to testify. Further, the trial would likely be followed by another appeal on one or more issues, and the total duration of this litigation would extend for the next several years to come. The settlement assures a timely and relatively expeditious resolution of the case for all concerned. (Williamson Decl., ¶10).

4. Experience and Views of Counsel.

The experience of Class Counsel in this case is extensive, both with respect to consumer class action litigation in general, as well as litigation involving state and federal violations of laws restricting robo-call and junk fax solicitations. (Williamson Decl., ¶11, and Declaration of Rob Williamson and Kim Williams (Dkt. #40) submitted in support of Motion for Attorneys' Fees (Dkt. #39). The Settlement Agreement was finalized only after extensive arms-length negotiations in mediation with Judge Lukens, followed by extensive additional negotiations. That Class Counsel considers this settlement to be fair and reasonable weighs in favor of approving settlement. "'Great weight' is accorded to the recommendation of counsel, who are

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

most closely acquainted with the facts of the underlying litigation.... Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citations omitted); *see also In re Washington Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989), *aff'd sub nom., Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992).

    5. <u>Reaction of the Class Members to Proposed Settlement.</u>

Finally, the fact that only one class member has objected to the proposed settlement weighs in favor of its approval.[1] The reaction of the class to the settlement is a significant factor in assessing its fairness and adequacy. Indeed, "[i]t is established that the absence of a large number of objections to a proposed Class action settlement raises a strong presumption that the terms of [the settlement] are favorable to the Class Members." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 529. While they were given ample opportunity to register objections, only one class member chose to do so, validating the assertions made by Plaintiff and their counsel that the settlement is fair, reasonable and adequate.

**D. Certification of the Class Is Proper.**

In *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court held that a class seeking certification for settlement purposes must satisfy the applicable requirements of Rule 23, *i.e.*, numerosity, commonality, typicality, adequacy of representation, predominance of common issues, and superiority. 521 U.S. at 607-08. This Court conditionally certified the proposed class in its Preliminary Approval Order (*see* Dkt. No. 37), and the proposed class satisfies each of the requirements of Rules 23(a) and 23(b)(3).

---

[1] As the Court is aware, this particular class member previously tried to intervene in this lawsuit and filed a similar lawsuit against Lithia and DME in Oregon District Court.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

The proposed Class in this case meets the numerosity, commonality, and typicality standards. Defendant identified approximately 59,000 unique Class Members (Williamson Decl., ¶13). There are substantial questions of law and fact common to all class members. Further, the class representative's claims are "typical" of other class members' claims. The class representative negotiated an excellent payment structure for those who received one or more of the text messages. The adequacy requirement of Rule 23(a)(4) is also met: the attorneys representing the class are qualified and competent, and the class representative is not disqualified by interests antagonistic to the remainder of the class. Finally, certification of a class under Rule 23(b)(3) is warranted because common issues predominate over individual issues and the class action mechanism is superior to other methods of adjudicating the controversy where all potential Class Members were victims of the same legal violation. *See also* Dkt. No. 37 (Court's order granting preliminary approval of the class action settlement and preliminarily certifying the class pursuant to Rules 23(a) and 23(b)(3)).

### E. The Awards Requested for Attorneys' Fees and Expenses and the Class Representative Should be Granted.

For the reasons set forth in depth in Plaintiff's Motion for Award of Attorneys' Fees and Costs and Incentive Awards for Named Plaintiff, with supporting Declaration of Counsel (Dkt. #39 and #40), Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Award of Attorneys' Fees and Costs and Incentive Awards for Named Plaintiff.

### VI. CONCLUSION

The Court should grant final approval of the Settlement Agreement. The proposed Settlement provides for a fair, efficient and expeditious resolution of the litigation. In evaluating the proposed Settlement, Plaintiff and his counsel have considered the expense and length of time necessary to prosecute the claims through trial and possible appeal, the claims

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com

asserted by the class, the logistic complexities involved in resolving such claims, and the defenses available to the Defendant. The risk, expense, and uncertainty in class actions and defenses asserted in this case were all considered. (Williamson Decl., ¶14).

Plaintiff and his counsel have concluded that it is in the best interest of the members of the class to compromise and settle without further adversarial proceedings. (Williamson Decl., ¶15). The Court should also approve the proposed incentive award to the class representative negotiated by the parties and incorporated into the Settlement Agreement, and approve the negotiated award of attorneys' fees and costs.

DATED:   September 28, 2012

WILLIAMSON & WILLIAMS

By /s/ Rob Williamson
Rob Williamson, WSBA #11387
Email: roblin@williamslaw.com
Kim Williams, WSBA #9077
Email: kim@williamslaw.com
17253 Agate Street NE
Bainbridge Island, WA 98110
Telephone: (206) 780-4447
Fax: (206) 780-5557

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 14
(No. 2:11-cv-00859-RAJ)

WILLIAMSON & WILLIAMS
17253 AGATE STREET NE
BAINBRIDGE ISLAND, WA 98110
(206) 780-4447
(206) 780-5557 (FAX)
www.williamslaw.com