HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN MCCLINTIC,<br><br>     Plaintiff,<br><br>  v.<br><br>LITHIA MOTORS, INC.,<br><br>     Defendant. | CASE NO. C11-859RAJ<br><br>ORDER |

   This matter comes before the court on Plaintiff's motion for attorney fees, costs, and an incentive award, as well as a motion for final approval of the settlement of this class action. Dkt. ## 39, 43. The court heard from the parties at an October 11, 2012 hearing. The parties had previously notified potential class members about that hearing, and given them an opportunity to object in writing to the settlement or to appear at the hearing. Only one potential class member, Dan McLaren, objected to the settlement in writing. No potential class member appeared at the October 11 hearing.

   For the reasons the court stated on the record at the October 11 hearing, along with the reasons stated in the court's June 11, 2012 order granting preliminary approval, the court GRANTS the motion for final approval (Dkt. # 43) of the settlement and overrules Mr. McLaren's objection. The court also GRANTS class counsel's motion for attorney fees and costs (Dkt. # 39), although it awards a smaller incentive payment to Plaintiff Kevin McClintic than he requested.

   The court directs the clerk to enter judgment and to dismiss this action.

ORDER – 1

The court now explains the only material changes it has made to the parties' proposed final order and judgment.

First, the court awards an incentive fee of $2,700 to the only named Plaintiff, Kevin McClintic, who serves as the class representative. His counsel requested a payment of $10,000 on his behalf. At the final approval hearing, however, counsel conceded that because this dispute settled quickly, Mr. McClintic's total investment of time in this case amounted to 5 to 10 hours. In other words, counsel requested an incentive payment of between $1,000 and $2,000 per hour. The court finds this excessive. The court suggests no disapproval of Mr. McClintic's contributions to this case, it merely finds that where a class representative's participation is limited, it is not fair to award him a windfall incentive award. The court awards $2,700, which is four times the maximum amount ($675) that any individual class member would have been paid under the parties' proposed settlement.

Second, the court awards $600,000 to class counsel for their attorney fees and out-of-pocket costs. The court finds these amounts justified when considered as a percentage of the common fund class counsel created, particularly in light of the excellent results they obtained for class members.

Third, the court acknowledges that by the time the settlement administrator distributes payment to class members who made claims, settlement administration costs will have exceeded the $150,000 that the settlement allocates for those costs. At the final approval hearing, Defendant agreed to pay all costs in excess of $150,000.

In light of these conclusions, the fund available for distribution to class members is $1,747,300.

Fourth, the court adopts the parties' proposal to approve the claims of certain class members who made errors on their claim forms. Specifically, the court approves the claims of the first four categories of class members described in the declaration of

ORDER – 2

Jennifer Keough. The court denies the claims of the class members in the fifth category, all of whom are people who are not likely members of the settlement class.

With these approvals, there are 3,116 class members who have approved claims. As the parties point out, the payment of those claims in accordance with the estimated payments stated in the settlement agreement ($175, $350, $675, depending on the number of texts received and the efforts to opt out) would amount to only $1,351,525. In order to fully exhaust the distributable portion of the settlement fund ($1,747,300), those payments must be increased by 29.28%, leading to payments of $226.24, $452.48, and $872.64, depending on the number of texts received and the efforts to opt out.

The court directs the parties to ensure that the settlement administrator distributes funds in accordance with this order and their settlement agreement. Once funds have been fully distributed, class counsel shall file a final report with the court.

The remainder of this order largely reproduces the parties' proposed final order.

1.  Except as specifically noted below, the Court for purposes of this Order adopts the definitions set forth in the Settlement Agreement unless otherwise defined below.

2.  The Class means:

    All persons within the United States who received a Text Message on their cellular telephones from Defendant or on Defendant's behalf, at any time during the Class Period, including all persons within the United States who received a second Text Message from Defendant or on Defendant's behalf after attempting to opt out after receiving a first Text Message.

3.  Settlement Class Members means all persons who fall within the definition of the Class and who have not timely and properly requested exclusion, and are among those who are the 59,178 to whom the parties attempted to send notice. A list of those 541 persons who have timely and properly requested exclusion from the Class is in the docket of this action at docket number 43-1.

ORDER – 3

4. This Court has jurisdiction over the subject matter of this Lawsuit and over all parties to the Settlement Agreement, including all Settlement Class Members.

5. The Notice to the Class given pursuant to the Court's Preliminary Approval Order constituted the best notice practicable under the circumstances to all potential members of the Class, and fully complied with Fed. R. Civ. P. 23(e)(1).

6. The settlement set forth in the Settlement Agreement, which is incorporated herein by reference, is now hereby approved as fair, reasonable, and adequate to all parties and Settlement Class Members, pursuant to Fed. R. Civ. P. 23(e). The court furthermore finds that the Settlement Class satisfies all requirements of Fed. R. Civ. P. 23(a) and 23(b)(3).

7. Plaintiff and all Settlement Class Members (1) are bound by this Order, and as of the Effective Date as defined in the Settlement Agreement (2) are forever barred from instituting, maintaining, or prosecuting, and hereby release and forever discharge, to the fullest extent permissible by law, any claim, cause of action, or damage that they asserted, may have asserted, or could have asserted against the Released Parties arising out of, or in any way related to this Lawsuit or the receipt of or transmission of any Text Messages to any Settlement Class Member by or on behalf of any Released Party during the Class Period. The "Released Parties" are Lithia Motors, Inc., DMEautomotive LLC (a vendor of Lithia and an intended beneficiary of this Agreement and Release), and their respective parents, subsidiaries, affiliates, members, partners, related entities, predecessor or successor companies and any entity which shares common ownership or control, in whole or in part, with any of the foregoing, along with the present or former directors, officers, owners, managers, employees, representatives, assigns, vendors, and agents of any of them, whether in their individual or official capacities (specifically including, but not limited to, their attorneys, investigators, and representatives).

ORDER – 4

8.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate or carry it out, shall be construed as or raise any presumption or inference of a concession or admission, or a waiver of any right, claim, or defense of any party to it or any Settlement Class Member, except insofar as such rights, claims, or defenses are expressly released or discharged by this Order.

9.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any document executed pursuant to it, nor any other act taken to negotiate it or carry it out shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in any proceeding to enforce the terms of the Settlement Agreement.

10.    The Court reserves jurisdiction over the parties to the Settlement, including all Settlement Class Members, for purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

11.    The Court's award of attorney fees and costs to class counsel and its award of an incentive payment to Plaintiff are not liabilities of Defendant except as provided in the Settlement Agreement.

12.    To the extent that there is any inconsistency between the terms of this Order and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

DATED this 23rd day of October, 2012.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5